U.S. Department of Homeland Security
Washington, DC 20528

August 9. 2004     Homeland
Security

The Honorable John N. Hostettler
U.S. House of Representatives
Washington, DC 20515-6216

Dear Mr. Chairman:

Thank you for your letter concerning an employer's responsibilities under section 274A
of the Immigration and Nationality Act (INA) upon receipt of a Social Security
Administration (SSA) "No Match" letter.

The letters issued by the INS Office of the General Counsel opine on the meaning of
section 274A(a)(2) of the INA and the precise issue of whether constructive knowledge
that an individual is an unauthorized alien may be imparted to an employer that is in
receipt of a "No Match" letter issued by the SSA. As section 274A(a)(2) of the INA
provides, it is unlawful for an employer to continue to employ an individual knowing that
he or she is unauthorized to work in the United States. Those letters explain that an
employer's receipt of a "No Match" letter by itself does not impart knowledge to the
employer that the employee identified in the letter is unauthorized to work. The INS
Office of General Counsel did recognize, however, that it would be "incorrect for an
employer to assume that in all cases it may safely ignore any possible INA relevance or
consequences of SSA discrepancies." *See* April 12, 1999 letter from INS General
Counsel Paul Virtue to attorney David Whitlock.

While the Department of Homeland Security recognizes this issue, the Department does
not believe it would be appropriate at this time to recall the opinion letters previously
issued by the INS Office of General Counsel. Discrepancies between SSA records and
information submitted to SSA by the employer may be due to a variety of reasons, such
as errors inadvertently made by the employee, employer, or SSA when recording
information, or failure of the employee to inform SSA of errors or a name change.

The "No Match" letter indicates that SSA is not able to associate the name and SSN in
question to any individual's wage record and, therefore, is unable to give the worker
credit for those wages. The letter does not indicate, and SSA is unable to determine, the
reason(s) for the cited mismatches. Though there will be instances when a discrepancy is
due to the employee's use of a false name or invalid social security number in order to
obtain unauthorized employment, without more information than that contained in the
"No Match" letter, we have not concluded that the letter alone is sufficient to impart
knowledge to the employer of unauthorized employment.

In your June 3, 2004 letter, you draw a parallel between the "No Match" letter situation
and the verification process for new hires specified by the Basic Pilot Program. Under
the Basic Pilot Program, participating employers are subject to the provisions of section

www.dhs.gov

2

274A(a)(1)(A) of the INA for failure to terminate the employee if they continue to employ any employee after receiving a final nonconfirmation. You suggest in your letter that employers in receipt of a "No Match" letter should have the same ability to terminate the employment of an employee who is the subject of the letter if, when given an opportunity to resolve the discrepancy with SSA, the employee does not do so. In that situation, the employer has evidence beyond receipt of the "No Match" letter, and depending on the circumstances, the employer may have knowledge that the alien is not employment authorized. *See* April 12, 1999 letter to David Whitlock. Before terminating employment, however, the employer should consider the laws which prohibit discrimination based on national origin or citizenship status, enforced by the Office of Special Counsel for Immigration-Related Unfair Employment Practices within the Department of Justice.

I appreciate your interest in the Department of Homeland Security and I look forward to working with you on future homeland security issues. If I may be of further assistance, please contact the Office of Legislative Affairs at (202) 205-4412.

Sincerely,

Pamela J. Turner
Assistant Secretary for Legislative Affairs