

HQCOU 90/10.15-C

Office of the General Counsel

425 I Street NW
Washington, DC 20536

NOV 19 1998

The Honorable Robert F. Smith
U.S. House of Representatives
Washington, DC 20515

Dear Congressman Smith:

    Thank you for your letter of August 18, 1998 to ▓▓▓▓▓▓▓▓ of this office. We appreciated the opportunity to meet with you and Congressman Cal Dooley in July regarding your agricultural employer constituents' concerns about their responsibilities under the Immigration and Nationality Act (INA) with respect to information they receive from the Social Security Administration (SSA) regarding mismatched Social Security numbers (SSNs).

    ▓▓▓▓ has been in contact with Emily Beizer of Congressman Dooley's office with respect to your request to schedule a follow-up meeting, and we would be glad to meet with you again. We have also spoken with SSA regarding the Privacy Act concerns raised at the meeting, since the INS defers to SSA's legal interpretation as to permissible uses and disclosures of information supplied to employers by SSA regarding SSN mismatches. SSA has informed us that the Privacy Act does not prohibit an employer from using SSA mismatch information for the purposes of complying with its obligations under the INA. Although employer sanctions cases involve fact-based determinations that are not always amenable to bright-line rules, we can summarize our position on SSA mismatch notices with the following general guidelines:

- Because there may be many reasons for a mismatch between employer records and SSA records that have nothing to do with work authorization, SSA notice of a mismatch does not trigger by itself an obligation to reverify work authorization.

- However, the steps an employer should take to reconcile the mismatch with respect to SSA and IRS reporting, such as examining the employee's Social Security card and confirming his or her identity and SSN, may provide the employer with knowledge that is relevant to the employer's INA compliance. In particular, if the employee has been given the opportunity to explain and reconcile a discrepancy between the employer's records and SSA's records and has failed to do so satisfactorily, or if the employer learns that the employee is not authorized to work, the employer may be considered by the INS to have violated the prohibition against

Page 2

knowingly continuing to employ an unauthorized alien if it does not take reasonable steps, such as reverification, to ensure that the employee is authorized to work. In those cases, the normal standards that have developed in INS regulations and relevant case law as to what constitutes actual or constructive knowledge of unauthorized status would apply.

- The Privacy Act does not prohibit an employer from using SSA mismatch information to comply with its responsibilities under the INA, including correcting or updating Forms I-9 with more accurate information about an employee's identity or SSN, or providing the information to the INS. If an employer learns through the process of reconciling its records with SSA's records that an employee is not authorized to work, the fact that the employer learned the information in that manner does not excuse it from taking necessary action to remain in compliance with the INA, including terminating the employee in appropriate circumstances.

I hope this information is useful. If we may be of assistance in the future, please let us know. The contact person in my office on this matter (including scheduling a meeting if desired) is Associate General Counsel ████████ (telephone ████████).

Sincerely,

Paul W. Virtue
General Counsel

TOTAL P.21

MAY-24-1999  14:32        410 965 3528        99%        P.25
SEP-27-2002  10:28        202 514 6044        99%        P.18