

U.S. Department of Justice

Immigration and Naturalization Service

HQ 274A

Office of the General Counsel

425 Eye Street N.W.
Washington, D.C. 20536

FEB 17 '94

Mr. Carl G. Borden
California Farm Bureau Federation
Office of the General Counsel
1601 Exposition Boulevard, FB3
Sacramento, CA 95815-5318

Dear Mr. Borden:

This letter is in response to your correspondence dated August 11, 1993, concerning the receipt of a letter from the Social Security Administration (SSA). The SSA letter in question informs an employer that the social security number of an employee does not agree with SSA records. Specifically, you ask whether an employer who receives this letter from SSA can continue to rely on the employment eligibility documents presented by that employee, assuming the documents appear on their face to be genuine and to relate to the employee?

If the document or documents presented to verify work authorization appear on their face to be genuine and to reasonably relate to the individual, the subsequent receipt of the SSA letter mentioned above does not impose any affirmative duty upon the employer to investigate further into an employee's eligibility to work in the United States. In addition, the receipt of this SSA letter by an employer, without more, would not be sufficient to establish constructive knowledge on the part of the employer regarding the employment eligibility of the named employee. As you correctly note in your correspondence, this letter from SSA could be prompted by a number of different reasons having nothing to do with an employee's eligibility to work in the United States.

The answer provided above specifically applies to a situation where the employer receives such a letter from SSA and the employer has no additional evidence that an employee may not be work authorized. It should be noted, however, that if an employer receives notice from the Immigration and Naturalization Service (INS) that a social security card or other document presented to establish work authorization is not valid, the employer does have a duty to inquire further to ensure that the individual is authorized to work in the United States before the employer can continue to employ that individual. In addition, while an employer has no affirmative duty to inquire into an employee's

employment eligibility based solely upon receipt of a letter from SSA, if for some reason the employer discovers evidence that an employee may not be authorized to work in the United States, the employer must inquire further to verify the employment eligibility of that employee. If the employer is unable to verify work authorization, the employer cannot continue to employ that individual.

It should be noted that telephonic inquiries from employers regarding the employment authorization of employees will not be honored by INS.[1] However, if an employer suspects fraud, as it relates to INS documents, the employer may ask INS to physically examine the documents.

I hope that the above information is helpful to you. If you have any further questions, please contact M▓▓▓▓ C. N▓▓▓▓▓, Associate General Counsel at (202) ▓▓▓▓▓▓.

Sincerely,

*[signature]*

Paul W. Virtue
Acting General Counsel

---

[1] (The only exception is where the written consent of that individual has been obtained.) See Salinas-Pena v. INS, No. 86-1033-DA (D.Oregon, March 16, 1988).

- 2 -