

Civil Rights Division

Special Counsel for Immigration Related
Unfair Employment Practices - CRT
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

April 1, 2004

By First Class Mail
Ana Avendaño Denier
Associate General Counsel
American Federation of Labor and Congress
of Industrial Organizations
815 16th St. NW
Washington, D.C. 20006

Re: Social Security No-Match Letters

Dear Ms. Avendaño Denier:

This letter addresses your request for guidance concerning appropriate employer action upon receipt of a Social Security no-match letter. In particular, this letter addresses whether the validity of an employee's completed employment eligibility verification form (INS Form I-9) is called into question when the employer receives a Social Security no-match letter.

The receipt of a no-match letter, standing alone, does not indicate to an employer that he or she need question the genuineness of documents or information previously presented to complete an INS Form I-9. This applies equally to the situation where the employee presents a Social Security card to establish employment eligibility under List C of the INS Form I-9. The General Counsel's office of the former Immigration and Naturalization Service has stated, in a number of earlier opinion letters, that receipt of the no-match letter, standing alone, does not place the employer on notice of an employee's unauthorized status or "require reverification of documents or further inquiry as to the employee's work authorization." See December 23, 1997, letter from David A. Martin, General Counsel. Actual or constructive knowledge of undocumented status is a case-by-case determination and depends upon the individual circumstances and totality of the circumstances before the employer, including any admission by an employee that he or she is undocumented, information learned from other sources, or follow-up activity in response to the receipt of the no-match letter.

Both the former INS General Counsel's office and the Social Security Administration have noted that there are many reasons for issuance of a no-match letter, including errors made in spelling an employee's name or the recording of the Social Security number, and the failure to report a name change after marriage or divorce, among other reasons. Further, the Social

Security Administration states clearly that a no-match letter makes no statement about an employee's immigration status.

An employer's decision to terminate an employee based solely upon the receipt of a no-match letter may constitute citizenship status or national origin discrimination, or unfair documentary practices, in violation of the anti-discrimination provision of the Immigration and Nationality Act, 8 U.S.C. § 1324b, which is enforced by the Office of Special Counsel for Immigration Related Unfair Employment Practices ("Office of Special Counsel") of the Civil Rights Division of the U.S. Department of Justice.

I hope this information is useful. If the Office of Special Counsel may be of assistance in the future, please let us know.

Sincerely,

Sarah DeCosse
Senior Trial Attorney
Office of Special Counsel for
    Immigration-Related Unfair
    Employment Practices