PETER D. KEISLER
Assistant Attorney General
THOMAS DUPREE
Deputy Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
JOANN M. SWANSON
Chief, Civil Division
JONATHAN LEE
Assistant U. S. Attorney
SANDRA SCHRAIBMAN (D.C. Bar No. 188599)
DANIEL E. BENSING (D.C. Bar No. 334268)
Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6114
Washington, D.C. 20001
Telephone: (202) 305-0693
Facsimile: (202) 616-8460

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL CHERTOFF, Secretary of Homeland Security, et al., <br><br> Defendants. | Case No. 07-4472 CRB <br><br> **DEFENDANTS' MOTION TO MODIFY BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Pursuant to Fed. R. 65(b) and Local Rule 7-9(b)(1), defendants move the Court to modify the briefing schedule on Plaintiffs' Motion for Preliminary Injunction, entered by the Court (Judge Maxine Chesney, sitting as motions judge) on August 31, 2007. The basis for this request is set forth in the attached Declaration of Acting Deputy Commissioner David Rust of the Social Security Administration, (Rust Decl., Attachment A, hereto) as well as due to a change in the Court's

1  schedule described in the Court's webpage (Attachment B).

2      1. As explained in the Rust Declaration, any extended delay in the implementation of the Department of Homeland Security (DHS) Safe Harbor Rule and the mailing of the no match letters by the Social Security Administration (SSA), would cause significant harm to SSA's efforts to resolve no match discrepancies as well as to implement its other responsibilities. The Court recognized at the August 31 hearing that the government was "operating with very tight time constraints here," Transcript at 15:25-16:1, and had been unable to gather full information on how delaying the no-match letters would fully impact the Social Security Administration. The Court indicated that "I just don't know how hard it is to do, how their computer system and program was set up; but at least they have a couple of options in that regard." Id. at 15:7-10.. The government is submitting the Rust Declaration to provide further information regarding the impact of the four week delay on SSA operations and on its potential harm not just to SSA but to others, including employees who try to contact SSA.

SSA's intention had been to mail the no-match letters (to include the DHS insert letter) from approximately early September, through early November. This time window was critical since "SSA's peak workload period . . . traditionally starts in December and peaks in the January-to-March quarter." Rust Decl. ¶ 12. Consequently, if there is an extended delay in sending the no match letters, the workload from resolving name/social security number discrepancies will be pushed over into SSA's period of peak workload and interfere with its ability to carry out its core functions.

Additionally, the Rust Declaration quantifies the scope of the workload, explaining that SSA has approximately 141,000 letters to send out, relating to discrepancies in the SSA accounts of some eight million workers. Rust Decl. ¶ 12. While SSA intended to begin sending only a few hundred letters per day, it also intended to quickly ramp up to goal of 3,200 notices per day beginning on

September 10, 2007. Mr. Rust also explains that, due to the interrelationship between the SSA letter and the DHS insert, (and particularly the fact that the SSA letter expressly references the DHS insert), it will require at least 30 days to "uncouple" the SSA and DHS letters, and hence that is not a realistic option. Rust Decl. ¶ 8. Thus any extended delay in sending the no match letters will either compress the time SSA has to respond to inquires generated by no match letters or push those responsibilities over into its period of peak workload.

Ultimately, as Mr. Rust explains, "if the mailing of the letters is delayed beyond September 15th, there will be a significant workload impact on SSA's regular operations well into the second quarter of FY 2008 (January through March 2008)." Rust Decl. ¶ 12. Defendants recognize that there will be some delay associated with the entry of the TRO, but make this motion to provide the court with a more complete picture of the effects of any extended delay and therefore request that those effects be mitigated somewhat by a modest compressing of the briefing schedule.

2. Additionally, at the time of the TRO hearing on Friday, August 31, 2007, it appeared from the Court's webpage, that the Court was unavailable from August 30, 2007 through September 28, 2007. However the Court's current web page, Attachment B, indicates that the Court is available on September 19, 2007 (other than a status conference at 2:15) and will also be available (without any indication of other matters on the calendar) on September 20 and 21, 2007.

3. Wherefore, defendants request a change in the briefing schedule and an attendant change in the duration of the TRO. Defendants propose the following new briefing schedule:

**September 11, 2007**: Plaintiffs' Renewed Motion for Preliminary Injunction (unchanged).

**September 14, 2007**: Defendants' Opposition (prior date: 9/18/07).

**September 18, 2007**: Plaintiffs' Reply (prior date: 9/25/07).

The Court could then set a hearing on either September 19, 20 or 21, 2007.

- 3 -

This change in the schedule will not unduly prejudice plaintiffs as the date for filing their opening brief remains unchanged and it will only shorten, by a few days, the date for filing their Reply.[1]/ Additionally, all parties affected by the DHS Safe Harbor regulation will benefit by an earlier ruling on its validity.

## CONCLUSION

Wherefore, based upon the more detailed description of the harm caused by the delay in the effective date of the DHS Safe Harbor rule, and the apparent availability of the Court during the time period from September 19 through 21, 2007, defendants move to modify the briefing schedule and the duration of the Temporary Restraining Order as set forth herein. A Proposed Order is attached. The government requests that this motion be decided on the papers without a hearing.

DATED: September 5, 2007          Respectfully submitted,


                                  PETER D. KEISLER
                                  Assistant Attorney General
                                  THOMAS DUPREE
                                  Deputy Assistant Attorney General


                                  SCOTT N. SCHOOLS
                                  United States Attorney

                                  JOANN M. SWANSON
                                  Chief, Civil Division
                                  JONATHAN LEE
                                  Assistant U. S. Attorney
                                  Assistant Chief, Civil Division

---

[1]/ Counsel for defendants consulted with counsel for plaintiffs on this proposed change in the schedule. Plaintiffs' counsel informed defendants' counsel that plaintiffs oppose the proposed new briefing schedule because they do not that it provides them with sufficient time to file a Reply.

450 Golden Gate Ave., 9th Floor
San Francisco, Cal. 94102
Telephone: 415-436-6909
Facsimile: 415-436-6748
E-mail: Jonathan.Lee@ USDOJ.gov

_____/s/_____

SANDRA SCHRAIBMAN
DANIEL E. BENSING (D.C. Bar No. 334268)
Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6114
Washington, D.C.  20001
Telephone:  (202) 305-0693
Facsimile:  (202) 616-8460

<u>Certificate of Service</u>

I hereby certify that on this 5TH day of September, 2007, I caused to be served by mail and e-mail a copy of Defendants Motion to Modify Briefing Schedule of Plaintiffs' Motion for Preliminary Injunction upon the following counsel:

    Scott A. Kronland
    Altshuler Berzon LLP
    177 Post St.
    San Francisco, California 94108

    skronland@altshulerberzpn.com

    Counsel for Plaintiffs


/s/
_____
Daniel Bensing

PETER D. KEISLER
Assistant Attorney General
THOMAS DUPREE
Deputy Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
JOANN M. SWANSON
Chief, Civil Division
JONATHAN LEE
Assistant U. S. Attorney
SANDRA SCHRAIBMAN (D.C. Bar No. 188599)
DANIEL E. BENSING (D.C. Bar No. 334268)
Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6114
Washington, D.C. 20001
Telephone: (202) 305-0693
Facsimile: (202) 616-8460

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary of Homeland Security, et al.,<br><br>Defendants. | Case No. 07-4472 CRB<br><br>**[PROPOSED] ORDER** |

UPON CONSIDERATION of defendants' Motion to Modify Briefing Schedule on Plaintiffs' Motion for Preliminary Injunction, plaintiffs' Opposition thereto and after due deliberation, it is hereby

ORDERED that the briefing schedule on plaintiffs' Motion for Preliminary Injunction established by the Court's Order of August 31, 2007 is hereby modified as follows:

1. Plaintiffs' renewed Motion for Preliminary Injunction be filed on September 11, 2007 (unchanged from existing schedule);

2. Defendants' Opposition to Plaintiffs' renewed Motion for Preliminary Injunction shall be filed on September 14, 2007; and

3. Plaintiffs' Reply Memorandum in support of their Motion for Preliminary Injunction shall be filed on September 18, 2007, and it is

FURTHER ORDERED that the hearing on Plaintiffs' Motion for Preliminary Injunction shall be held on September ___, 2007 at _____; and it is

FURTHER ORDERED that the Temporary Restraining Order entered by the Court on August 31, 2007 shall terminate on the day after the hearing on plaintiffs' Motion for Preliminary Injunction.

SO ORDERED

Date: _____            _____

UNITED STATES DISTRICT JUDGE