Stephen P. Berzon (SBN 46540)
Scott A. Kronland (SBN 171693)
Jonathan Weissglass (SBN 185008)
Linda Lye (SBN 215584)
Danielle E. Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: skronland@altshulerberzon.com
Email: llye@altshulerberzon.com
Email: dleonard@altshulerberzon.com

*Attorneys for Plaintiffs*

Jonathan P. Hiatt (SBN 63533) (*Pro Hac Vice* Application pending)
James B. Coppess
Ana L. Avendaño (SBN 160676)
AFL-CIO
815 Sixteenth Street, N.W.
Washington, D.C. 20006
Telephone: (202) 637-5053
Facsimile: (202) 637-5323
Email: aavendan@aflcio.org

*Attorneys for Plaintiff AFL-CIO*

(Counsel list continued on next page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS; SAN FRANCISCO LABOR COUNCIL; SAN FRANCISCO BUILDING AND CONSTRUCTION TRADES COUNCIL; and CENTRAL LABOR COUNCIL OF ALAMEDA COUNTY,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICHAEL CHERTOFF, Secretary of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; JULIE MYERS, Assistant Secretary of Homeland Security; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MICHAEL ASTRUE, Commissioner of Social Security; and SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendants. | Case No. C07-4472 CRB<br><br>**PLAINTIFFS' OPPOSITION TO MOTION FOR RECONSIDERATION OF THE ORDER SETTING A BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

OPPOSITION TO MOTION FOR RECONSIDERATION OF THE ORDER SETTING BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION, Case No. C07-4472 CRB

1  (Counsel list continued from first page)

2  Linton Joaquin (SBN 73547)
   Marielena Hincapié (SBN 188199)
3  Monica T. Guizar (SBN 202480)
   NATIONAL IMMIGRATION LAW CENTER
4  3435 Wilshire Blvd., Suite 2850
   Los Angeles, CA 90010
5  Telephone: (213) 674-2850
   Facsimile: (213) 639-3911
6  Email: guizar@nilc.org

7  Lucas Guttentag (SBN 90208)
   Jennifer C. Chang (SBN 233033)
8  Mónica M. Ramírez (SBN 234893)
   AMERICAN CIVIL LIBERTIES UNION FOUNDATION
9  Immigrants' Rights Project
   39 Drumm Street
10 San Francisco, CA 94111
   Telephone: (415) 343-0770
11 Facsimile: (415) 395-0950
   E-mail: jchang@aclu.org
12
   Omar C. Jadwat (*Pro Hac Vice* Application forthcoming)
13 AMERICAN CIVIL LIBERTIES UNION FOUNDATION
   Immigrants' Rights Project
14 125 Broad Street, 18th Floor
   New York, NY 10004
15 Telephone: (212) 549-2620
   Facsimile: (212)-549-2654
16 Email: ojadwat@aclu.org

17 Alan L. Schlosser (SBN 49957)
   Julia Harumi Mass (SBN 189649)
18 ACLU FOUNDATION OF NORTHERN CALIFORNIA
   39 Drumm Street
19 San Francisco, CA 94111
   Telephone: (415) 621-2493
20 Facsimile: (415) 255-1478
   E-mail: aschlosser@aclu.org
21
   *Attorneys for Plaintiff Central Labor Council of Alameda County*
22
   David A. Rosenfeld (SBN 58163)
23 Manjari Chawla (SBN 218556)
   WEINBERG, ROGER & ROSENFELD
24 A Professional Corporation
   1001 Marina Village Parkway, Suite 200
25 Alameda, California 94501-1091
   Telephone: (510) 337-1001
26 Facsimile: (510) 337-1023
   Email: drosenfeld@unioncounsel.net
27
   *Attorneys for Plaintiffs San Francisco Labor Council,*
28 *San Francisco Building and Construction Trades Council,*
   *and Central Labor Council of Alameda County*

OPPOSITION TO MOTION FOR RECONSIDERATION OF THE ORDER SETTING BRIEFING SCHEDULE
ON PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION, Case No. C07-4472 CRB

**OPPOSITION TO MOTION FOR RECONSIDERATION OF THE ORDER SETTING A BRIEFING SCHEDULE ON MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiffs oppose for several reasons the government defendants' motion to reconsider the Order setting the briefing schedule and hearing date for the motion for a preliminary injunction:

1. The existing briefing schedule and hearing date were not set by happenstance. They were considered at length at the August 31, 2007 hearing before Judge Chesney. The Court already rejected the government's argument for a more compressed schedule and set a briefing schedule that allows sufficient time for a reply brief, allows sufficient time for the Court to consider the papers before the preliminary injunction hearing, and accommodates the Jewish holidays. The Court already considered and rejected the option of scheduling the preliminary injunction hearing on September 21, which plaintiffs opposed as allowing inadequate time for full briefing. *See* Transcript of Aug. 31, 2007 hearing at 20:14 - 25:18.

Every argument in the government's reconsideration motion either was raised or could have been raised at the August 31 hearing when the schedule was fully considered. Hence, there is no basis for reconsideration of the Court's ruling.

2. The government's alternative schedule is too compressed because it would allow only two business days for plaintiffs to file reply papers. That is not enough time for reply papers in a major case like this one in which the government is likely to raise many arguments in its opposition papers. The Court would benefit from adequate reply papers in considering the motion. The government's alternative schedule also would deprive the Court of sufficient time to consider the papers before the preliminary injunction hearing. This is unquestionably an important case affecting millions of employees throughout the country, so the Court should have adequate time to prepare for the hearing.

Plaintiffs also have requested the administrative record for the Final Rule, and the government has responded that the administrative record has not yet been compiled and the government does not know when the record will be available. Declaration of Scott Kronland, filed herewith, ¶2. Plaintiffs and the Court should have sufficient time to review the administrative record, which a compressed schedule may not permit.

1  Additionally, one of the lead attorneys for plaintiffs, Lucas Guttentag, the Director of the ACLU Immigrants' Rights Project, is unavailable from September 19 to 21 because he will be in Vancouver and Mississippi. Declaration of Lucas Guttentag, filed herewith, ¶3. Mr. Guttentag was present with his calendar at the August 31 hearing when the current schedule was set. The schedule should not be changed so Mr. Guttentag is unable to participate in the preliminary injunction hearing. Other members of plaintiffs' legal team also already have arranged their schedules, including commitments in other cases, in light of the briefing and hearing schedule set by the Court in its August 31 Order.

Plaintiffs counsel also were recently contacted by the attorney for a group of major business organizations that intend to seek leave to intervene as plaintiffs in this action and join in the request for a preliminary injunction. Kronland Decl., ¶3. That will give the Court additional issues to consider at the preliminary injunction hearing and provides another reason not to compress the existing schedule.

3.  The government's motion does not establish that it makes a significant difference in the entire context of this case if the briefing and hearing schedule is just *10 days* longer than the schedule the government prefers. The Social Security Administration ("SSA") is free in the meanwhile to send out no-match letters that are identical to the no-match letters it has sent out in prior years. SSA's mission is to administer the Social Security program, not to enforce the immigration laws, so sending out the traditional SSA no-match letter would not interfere with SSA's mission. SSA claims that it would take 30 days to revise the "electronic package" that is transmitted to the vendor for mailing (Rust Decl., ¶8), but we have no doubt that SSA could move more quickly if it actually wished to do so.

If SSA chooses instead to hold off on mailing any no-match letters until the outcome of the preliminary injunction hearing, that is SSA's own choice, and a 10-day difference in the mailing schedule is not of great significance in the entire context of this case. SSA admits that it already delayed its usual no-match mailing "for *several months* in 2007 because of ongoing policy discussions with DHS [the Department of Homeland Security] concerning its final rule." Rust Decl., ¶9 (emphasis added). And, DHS allowed its proposed rule to remain dormant *for an entire*

OPPOSITION TO MOTION FOR RECONSIDERATION OF THE ORDER SETTING BRIEFING SCHEDULE
ON PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION, Case No. C07-4472 CRB    2

1  *year* after the close of the public comment period, adopting the final rule only after Congress
2  recessed without adopting legislation DHS supported.  DHS and SSA knew from the 5,000 public
3  comments on the proposed rule that there would be a serious legal challenge if the Final Rule were
4  adopted, and SSA could have prepared for this contingency by not reformatting the "electronic
5  package" for the no-match mailing prior to judicial review (and, indeed, prior to the Final Rule even
6  becoming effective on September 14), or by preparing an alternative electronic package for the
7  vendor.

8  Dated:  September 6, 2007           Respectfully submitted

Stephen P. Berzon
Scott A. Kronland
Jonathan Weissglass
Linda Lye
Danielle E. Leonard
ALTSHULER BERZON LLP

Jonathan P. Hiatt
James B. Coppess
Ana Avendaño
AFL-CIO

Linton Joaquin
Marielena Hincapié
Monica T. Guizar
NATIONAL IMMIGRATION LAW CENTER

Lucas Guttentag
Jennifer C. Chang
Mónica M. Ramírez
AMERICAN CIVIL LIBERTIES UNION FOUNDATION

Omar C. Jadwat
AMERICAN CIVIL LIBERTIES UNION FOUNDATION

Alan L. Schlosser
Julia Harumi Mass
ACLU FOUNDATION OF NORTHERN CALIFORNIA

David A. Rosenfeld
Manjari Chawla
WEINBERG, ROGER & ROSENFELD

by:   /s/Scott A. Kronland
           Scott A. Kronland

Attorneys for Plaintiffs