Robert P. Charrow (CA SBN 44962)
Laura M. Klaus (DC SBN 294272) (*Pro Hac to be Filed*)
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, N.W., Ste. 500
Washington, D.C. 20006
Telephone: (202) 533-2396
Facsimile: (202) 261-0164
Email: charrowr@gtlaw.com
Email: klausl@gtlaw.com

William J. Goines (SBN 61290)
Karen Rosenthal (SBN 209419)
Cindy Hamilton (SBN 217951)
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508
Email: goinesw@gtlaw.com
 hamiltonc@gtlaw.com
 rosenthalk@gtlaw.com

Attorneys for Plaintiff-Intervenors

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS; SAN FRANCISCO LABOR COUNCIL; SAN FRANCISCO BUILDING AND CONSTRUCTION TRADES COUNCIL; and CENTRAL LABOR COUNCIL OF ALAMEDA COUNTY,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; JULIE MYERS, Assistant Secretary of Homeland Security; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MICHAEL ASTRUE, Commissioner of Social Security; and SOCIAL SECURITY ADMINISTRATION,<br><br>Defendants. | Case No. C07-04472 CRB<br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION FOR LEAVE TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: September 14, 2007<br>Time: 10:00 a.m.<br>Judge: Hon. Charles R. Breyer<br>Dept: Courtroom 8, 19th Floor<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 |

## NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE

PLEASE TAKE NOTICE that on September 14, 2007 at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 8, 19th Floor, of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, the San Francisco Chamber of Commerce ("San Francisco Chamber"), Chamber of Commerce of the United States of America, Golden Gate Restaurant Association, National Roofing Contractors Association, American Nursery & Landscape Association, International Franchise Association, and United Fresh Produce Association (hereinafter, "Proposed Plaintiff-Intervenors") will and hereby do move this Court, pursuant to Federal Rule of Civil Procedure 24(b), for leave to intervene as Plaintiffs. Plaintiffs and Defendants do not oppose this Motion.[1]

Proposed Plaintiff-Intervenors ask this Court to permit them to intervene under Rule 24(b) because they seek to address common legal questions. Intervention by Proposed Plaintiff-Intervenors will not unduly delay or prejudice the adjudication of the rights of the original parties.

Should this motion be granted, Plaintiff-Intervenors will adhere to the current briefing established by the Court. The Court has set an October 1, 2007 date for hearing the Plaintiffs' Motion for a Preliminary Injunction.

The motion for leave to intervene is based on this notice of motion and motion, the following memorandum of points and authorities, all pleadings on file in the case, and such argument as may be heard by this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE

I.  **INTRODUCTION**

On August 15, 2007, the Secretary of Homeland Security issued a Final Rule that is at issue in the underlying lawsuit. On August 31, 2007, Judge Chesney entered a temporary restraining order prohibiting the Defendants from implementing the rule and, establishing a briefing schedule for motions for preliminary injunction. Under that briefing schedule, motions for preliminary injunction

---

[1] The Government's attorney has advised us that while he does not oppose this motion, he is not conceding jurisdiction or the merits.

and supporting documents are due on September 11, 2007, Defendants' response is due on September 18, 2007, a reply is due on September 25, 2007, and the motion will be heard on October 1, 2007, at 2:30 pm.

The Proposed Plaintiff-Intervenors seek to intervene in the action as plaintiffs to challenge the Final Rule issued by the Secretary of Homeland Security. Like the Plaintiffs, the Proposed Complaint in Intervention raises a challenge under the Administrative Procedure Act. It also raises a challenge under the Regulatory Flexibility Act. Like the Plaintiffs, the Proposed Plaintiff-Intervenors seek an order declaring that the Final Rule is invalid, vacating the Final Rule and enjoining its enforcement.

## II. INTEREST OF PROPOSED INTERVENORS

Plaintiff-Intervenor San Francisco Chamber of Commerce ("San Francisco Chamber") is a not-for-profit membership corporation organized under the laws of the State of California and headquartered in San Francisco. The San Francisco Chamber is a small entity within the meaning of the Regulatory Flexibility Act and is both an employer and a membership organization. The San Francisco Chamber has approximately 2,000 members, more than 80% of which are small businesses within the meaning of section 3 of the Small Business Act, most of which are headquartered in the Northern District of California. Many of the small business would receive no-match letters from SSA in the event that the Final Rule at issue in this case was to become effective. Indeed, for many of its small business members, the likelihood of receiving such letter exceeds 90%. The San Francisco Chamber understands that the financial costs associated with resolving no-match letters are substantial and not necessarily linear. Those costs involve overtime for those in human resources, lost productivity for those employees named in such letters, and increased unemployment insurance premiums in the event that the employees who are unable to resolve a no-match within the requisite period are terminated. Based on the San Francisco Chamber's experience, it is highly unlikely that SSA would be able to resolve the more than 8 million no-matches within the time contemplated by the Final Rule. The San Francisco Chamber and its members will be imminently and irreparably harmed if the Final Rule was to go into effect. The San Francisco Chamber is bringing this suit both

1  on its behalf as a small entity employer and on behalf of its members many of which will also receive
2  such letters.

3  Plaintiff-Intervenor Chamber of Commerce of the United States of America ("Chamber of
4  Commerce") is a not-for-profit membership corporation headquartered in Washington, D.C. and
5  employing more than 500 individuals. The Chamber of Commerce is the world's largest business
6  federation with an underlying membership of more than 3 million businesses of all sizes, sectors, and
7  regions. The Chamber of Commerce is a small organization within the meaning of the Regulatory
8  Flexibility Act and more than 96% of its members are small businesses as that term is defined in
9  section three of the Small Business Act. Based on the Chamber's experience as an employer it is
10 highly unlikely that SSA would be able to resolve the more than 8 million no-matches within the time
11 contemplated by the Final Rule. The Chamber and its members will be imminently and irreparably
12 harmed if the Final Rule was to go into effect. The Chamber is bringing this suit both on behalf of
13 itself as a small entity employer which is apt to receive a no-match letter and on behalf of its
14 members many of which will also receive such letters.

15 Plaintiff-Intervenor Golden Gate Restaurant Association ("GGRA") is a not-for-profit
16 membership corporation headquartered in San Francisco. GGRC has more than 800 restaurant
17 members throughout the Northern District of California; many of those members have received no-
18 match letters in the past and fully expect to receive them in the future. GGRA is a small organization
19 within the meaning of the Regulatory Flexibility Act and most of its members are small businesses
20 within the meaning of section 3 of the Small Business Act. Based on GGRA's experience as an
21 employer, it is highly unlikely that SSA would be able to resolve the more than 8 million no-matches
22 within the time contemplated by the Final Rule. GGRA and its members will be imminently and
23 irreparably harmed if the Final Rule was to go into effect. GGRA is bringing this suit both on its
24 behalf as a small entity employer and on behalf of its members many of which will receive no-match
25 letters.

26 Plaintiff-Intervenor National Roofing Contractors Association ("NRCA") is a not-for-profit
27 membership organization headquartered in Rosemont, Illinois and employing more than 70
28 individuals. The NRCA is a small organization within the meaning of the Regulatory Flexibility Act

and more than 95% of its 4,200 members are small businesses within the meaning of section 3 of the Small Business Act. More than 30 of its small business members are headquartered in this District. The financial costs for NRCA and its members to resolve no-match letters are substantial and not necessarily linear. Those costs involve overtime for those in human resources, lost productivity for those employees named in such letters, increased unemployment insurance premiums in the event that the employees who are unable to resolve a no-match letter within the requisite period and are terminated. Based on NRCA's experience as an employer, it is highly unlikely that SSA would be able to resolve the more than 8 million no-matches within the time contemplated by the Final Rule. NCRA and its members will be imminently and irreparably harmed if the Final Rule was to go into effect. NRCA is bringing this suit both on behalf of itself as a small entity employer which is apt to receive a no-match letter and on behalf of its members, many of which will also receive such letters.

Plaintiff-Intervenor United Fresh Produce Association ("United Fresh") is a not-for-profit membership organization headquartered in Washington, D.C. United Fresh has more than 290 small business members; many of those members have received no-match letters in the past and fully expect to receive them in the future. United Fresh is a small organization within the meaning of the Regulatory Flexibility Act and most of its business members are small businesses within the meaning of section 3 of the Small Business Act. Based on United Fresh's experience as an employer, it is highly unlikely that SSA would be able to resolve the more than 8 million no-matches within the time contemplated by the Final Rule. United Fresh and its members will be imminently and irreparably harmed if the Final Rule was to go into effect. United Fresh is bringing this suit both on its behalf as a small entity employer and on behalf of its members many of which will receive no-match letters.

Plaintiff-Intervenor American Nursery & Landscape Association ("ANLA") is a not-for-profit membership corporation headquartered in Washington, D.C. ANLA has more than 2,000 members, 98% of which are small businesses; many of those members have received no-match letters in the past and fully expect to receive them in the future. ANLA is a small organization within the meaning of the Regulatory Flexibility Act and most of its members are small businesses within the meaning of section 3 of the Small Business Act. Based on ANLA's experience as an employer, it is highly unlikely that SSA would be able to resolve the more than 8 million no-matches within the time

1  contemplated by the Final Rule. ANLA and its members will be imminently and irreparably harmed
2  if the Final Rule was to go into effect. ANLA is bringing this suit both on its behalf as a small entity
3  employer and on behalf of its members many of which will receive no-match letters.

4  Plaintiff-Intervenor International Franchise Association ("IFA") is a not-for-profit
5  membership corporation headquartered in Washington, D.C. IFA has more than 11,000 members,
6  including 1,200 franchisor members, 10,000 franchisee members and 400 supplier members.
7  Approximately half of IFA's franchisor members and virtually all of its franchisee members are small
8  businesses; many of those members have received no-match letters in the past and fully expect to
9  receive them in the future. IFA is a small organization within the meaning of the Regulatory
10 Flexibility Act and many of its members are small businesses within the meaning of section 3 of the
11 Small Business Act. Based on IFA's experience as an employer, it is highly unlikely that SSA would
12 be able to resolve the more than 8 million no-matches within the time contemplated by the Final
13 Rule. IFA and its members will be imminently and irreparably harmed if the Final Rule was to go
14 into effect. IFA is bringing this suit both on its behalf as a small entity employer and on behalf of its
15 members many of which will receive no-match letters.

16 **III. ARGUMENT**

17 Proposed Plaintiff-Intervenors should be permitted to intervene pursuant to Federal Rule of
18 Civil Procedure 24(b), which allows permissive intervention "upon timely application ... when an
19 applicant's claim or defense and the main action have a question of law or fact in common." Fed. R.
20 Civ. P. 24(b). In exercising discretion under Rule 24(b), the Court must also consider "whether the
21 intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Id.
22 There is no requirement of a significant protectable interest. See Kootenai Tribe of Idaho v.
23 Veneman, 313 F.3d 1094, 1108 (9th Cir. 2002).

24 In determining timeliness, three factors are weighed: (1) the stage of the proceeding at which
25 an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of
26 any delay. See United States v. Oregon, 913 F.2d 576, 588-89 (9th Cir. 1990). In this case, the
27 motion to intervene is being filed early in the case, before an answer has been filed and before any
28 discovery has commenced. On August 31, 2007, the Court issued a temporary restraining order in

response to plaintiffs' motion and set a schedule for briefing motions for a preliminary injunction. This motion is being filed prior to the date motions for a preliminary injunction are due, September 11, 2007. Moreover, Proposed Plaintiff-Intervenors are not requesting any delay. Proposed Plaintiff-Intervenors' intervention will not delay the litigation of this action or prejudice any party. Indeed, the parties do not oppose this motion.

Rule 24(b)'s requirement of a common question of law or fact is met in this case. The common questions of law which plaintiff, defendant, and Proposed Plaintiff-Intervenors seek to address are: (1) whether the Final Rule in not in accordance with law thereby violating 5 U.S.C. § 706(2)(A), by being inconsistent with the governing statute, 8 U.S.C. § 1324a and (2) whether the Final Rule is arbitrary and capricious in violation of 5 U.S.C. § 706(2)(A).

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Proposed Plaintiff-Intervenors' motion for leave to intervene as plaintiffs.

Dated: September 7, 2007                    GREENBERG TRAURIG, LLP


By: /s/ Karen Rosenthal
Robert P. Charrow
William J. Goines
Karen Rosenthal
Cindy Hamilton

Of Counsel:

Robin S. Conrad (DC SBN 342774)
Shane Brennan (DC SBN 456402)
National Chamber
    Litigation Center, Inc.
1615 H Street, N.W.
Washington, D.C. 20062
Telephone: (202) 463-5337
Facsimile: (202) 463-5346
Email: RConrad@uschamber.com

Attorneys for Plaintiff-Intervenors

# CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2007, I electronically filed the foregoing **NOTICE OF MOTION AND UNOPPOSED MOTION FOR LEAVE TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted below:

Ana L. Avendano
AFL-CIO
aavendan@aflcio.org

James B. Coppess
AFL-CIO
jcoppell@aflcio.org

Linda Lye
Altshuler Berzon LLP
llye@altshulerberzon.com

Stephen P. Berzon
Altshuler Berzon LLP
sberzon@altshulerberzon.com

Alan Lawrence Schlosser
ACLU Foundation of Northern California
aschlosser@aclunc.org

Julia Harumi Mass, Esq.
American Civil Liberties Union of Northern California
jmass@aclunc.org

Lucas Guttentag
ACLU Immigrants' Rights Project
lguttentag@aclu.org

Monica Teresa Guizar
National Immigration Law Center
guizar@nilc.org

Omar C. jadwat
ACLu Immigrants Rights Project
ojadwat@aclu.org

Jonathan Unruh Lee
U.S. Attorneys Office
jonathan.lee@usdoj.gov

Danielle Evelyn Leonard
Altshuler Berzon LLP
dleonard@altshulerberzon.com

Jonathan David Weissglass
Altshuler Berzon, LLP
jweissglass@altshulerberzon.com

Scott Alan Kronland
Altshuler Berzon LLP
skronland@altshulerberzon.com

David Albert Rosenfeld
Manjari Chawla
Weinberg Roger & rosenfeld
courtnotices@unioncounsel.net

Jennifer C. Chang
ACLU Immigrants' Rights Project
jchang@aclu.org

Linton Joaquin
National Immigration law Center
joaquin@nilc.org

Marielena Hincapie
National Immigration Law Center
hincapie@nilc.org

Monica Maria Ramirez
ACLU Immigrants RightsProject
mramirez@aclu.org

Daniel Benzing
U.S. Dept. of Justice
Daniel.Bensing@USDOJ.gov

1
2         By: /s/ Karen Rosenthal
3             William J. Goines
              Karen Rosenthal
              Cindy Hamilton
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28