1   Robert P. Charrow (CA SBN 44962)
2   Laura M. Klaus (DC SBN 294272) (*Pro Hac to be filed*)
    GREENBERG TRAURIG, LLP
3   800 Connecticut Avenue, N.W., Suite 500
    Washington, D.C. 20006
4   Telephone: (202) 533-2396
    Facsimile: (202) 261-0164
5   Email: charrowr@gtlaw.com; klausl@gtlaw.com

6   William J. Goines (CA SBN 061290)
    Karen Rosenthal (CA SBN 209419)
7   GREENBERG TRAURIG, LLP
    1900 University Ave., 5th Fl.
8   East Palo Alto, CA 94303
    Telephone: (650) 328-8500
9   Facsimile: (650) 328-8508
    Email: goinesw@gtlaw.com; rosenthalk@gtlaw.com

10  Counsel for Plaintiff-Intervenors

11               **UNITED STATES DISTRICT COURT**
12           **NORTHERN DISTRICT OF CALIFORNIA**

13  AMERICAN FEDERATION OF LABOR AND    )
    CONGRESS OF INDUSTRIAL ORGANIZATIONS,  )
14  *et al.*,                               )
                                    )
15           Plaintiffs,                   )
                                    )
16           and                       )
                                    )
17  SAN FRANCISCO CHAMBER OF COMMERCE,     )
    CHAMBER OF COMMERCE OF THE UNITED     )  CASE NO. 3:07-cv-04472-CRB
18  STATES OF AMERICA, GOLDEN GATE        )
    RESTAURANT ASSOCIATION, NATIONAL     )  **DECLARATION OF**
19  ROOFING CONTRACTORS ASSOCIATION,    )  **ROBERT J. DOLIBOIS**
    AMERICAN NURSERY & LANDSCAPE       )
20  ASSOCIATION, INTERNATIONAL FRANCHISE  )
    ASSOCIATION, and UNITED FRESH PRODUCE  )
21  ASSOCIATION,                         )
                                    )
22           Plaintiff-Intervenors        )
                                    )
23         v.                       )
                                    )
24  MICHAEL CHERTOFF, *et al.*,          )
                                    )
25           Defendants            )

26

27

28

I, Robert J. Dolibois, declare under penalty of perjury as follows:

1.    I am Executive Vice President of the American Nursery & Landscape Association ("ANLA"), a not-for-profit membership corporation headquartered in Washington, D.C. and a Plaintiff-Intervenor in *AFL-CIO, et al. v. Chertoff, et al.*, No. C07-4472 CRB (N.D. Cal.). ANLA has approximately 2,000 members, 98% of which are small businesses; many of those members have received no-match letters in the past and fully expect to receive them in the future. ANLA is a small organization within the meaning of the Regulatory Flexibility Act and most of its members are small businesses within the meaning of section 3 of the Small Business Act.

2.    The Final Rule has a significant and immediate adverse impact on ANLA and its members. ANLA's members operate in three sectors: production (nursery agriculture), retail, and services (landscaping). The businesses of ANLA's member companies are highly seasonal and during peak seasons, companies must hire adequate and qualified numbers of employees. Because of the seasonal nature of these businesses, a company's employment rolls can increase from ten employees to eighty or more employees during peak season. The DHS Final Rule will impede the ability of ANLA's members to recruit employees authorized to work in the United States.

3.    For ANLA's nursery grower members in the Northern District of California, the peak planting season for nurseries servicing orchards occurs over only a few weeks in the late fall. The peak harvest season for deciduous fruit and nut tree nursery stock is from December to February. The implementation of the Final Rule therefore will have an immediate impact on those member companies. These peak seasons are highly labor intensive.

4.    The implementation of the DHS Final Rule will impose additional and significant burdens on ANLA's member companies at a time when the burdens on them already are enhanced. Peak hiring times put ANLA's member companies under extreme duress. Complying with the DHS

1    Final Rule during these peak times will require larger members, many of which are still small

2    businesses within the meaning of the Regulatory Flexibility Act, to dedicate human resource staff to

3    resolving and/or tracking mismatches, which given the foreign names of many of their employees,

4    will be substantial.

5

6        5.    Many of ANLA's members are not large companies, however, and those small

7    companies (also small businesses under the Regulatory Flexibility Act definition) have no dedicated

8    human resource staff and will have to acquire technology and software to manage their responses to

9    no-match letters, and to hire and train employees to resolve mismatches.  The economic cost of this

10   compliance and diversion of employees to accomplish it is substantial, and adversely affects the

11   ability of ANLA's members to meet delivery deadlines, thus injuring these companies' goodwill.

12

13       6.    Many companies in other sectors might be able to shift some of this responsibility to

14   their employees.  That will not be the case with ANLA's members.  Specifically, by the time

15   ANLA's members receive a no-match letter, it is likely that the seasonal peak is over and the

16   employee is no longer working for the ANLA member.  However, that employee typically is rehired

17   during the next seasonal peak.  Therefore ANLA's members must implement a tracking system that

18   allows them to resolve no-match letters with little or no employee assistance prior to the next hiring

19   season to avoid hiring employees "known" to be subject to an SSA mismatch.  This is likely not

20   feasible.

21

22

23       7.    These seasonal workers are critical to the operation of ANLA's member businesses.

24   The DHS Rule jeopardizes our members' ability to hire seasonal workers when they are needed the

25   most.  The DHS Rule therefore will have a direct, immediate and irreparable economic impact on

26   ANLA's members and on ANLA.

27

28

DECLARATION OF ROBERT J. DOLIBOIS
CASE NO. 3:07-CV-04472-CRB

1    I declare under penalty of perjury that the foregoing is true and correct.

2

3

4    _____

5    Robert J. Dolibois

6

7    Executed September 11, 2007

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ROBERT J. DOLIBOIS
CASE NO. 3:07-CV-04472-CRB