Immigration and Customs Enforcement
U.S. Department of Homeland Security
Washington, DC 20528



# Homeland Security

Dear Employer:

The purpose of this letter is to provide you with additional guidance on how to respond to the enclosed letter from the Social Security Administration (SSA) in a manner that is consistent with your obligations under United States immigration laws.

You are now aware that the Social Security numbers you have provided on W-2 Forms for certain employees do not match SSA's records. Many employers that receive this information are concerned about how to respond appropriately, and whether the receipt of such information implicates an employer's obligations under the Immigration and Nationality Act. This letter will answer the common questions arising from this situation.

**Q: Can I simply disregard the letter from SSA?**

**A: No.** You have received official notification of a problem that may have significant legal consequences for you and your employees. If you elect to disregard the notice you have received and if it is determined that some employees listed in the enclosed letter were not authorized to work, the Department of Homeland Security (DHS) could determine that you have violated the law by knowingly continuing to employ unauthorized persons. This could lead to civil and criminal sanctions.

**Q: What should I do?**

**A: You should take reasonable steps to resolve the mismatch**, and apply these reasonable steps uniformly to all employees listed in the enclosed SSA letter. It is possible that a mismatch was the result of a clerical error on the part of the employee, the employer, or the government.

You should:

   1) Promptly (no later than 30 days) check your records to ensure that the mismatch was not the result of an error on your part;

   2) If this does not resolve the problem, ask your employee to confirm the accuracy of your records;

   3) If necessary, ask the employee to resolve the issue with SSA;

4) If you were able to successfully resolve the mismatch, make sure you have followed all of the instructions in the enclosed SSA letter. You should also verify that the correction has been made by using the Social Security Number Verification System (SSNVS) administered by SSA, and retain a record of the date and time of your verification. SSNVS can be accessed through http://www.socialsecurity.gov/employer/ssnv.htm or by telephone at 1-800-772-6270; and

5) If none of the foregoing measures resolves the matter within 90 days of receipt of this letter, you should complete, within three days, a new I-9 Form as if the employee in question were newly hired, except that no document may be used to verify the employee's authorization for work that uses the questionable Social Security number and no document may be used to verify the employee's identity that does not have a photograph of the employee.

If you cannot confirm that the employee is authorized to work (by following the above procedures), you risk liability for violating the law by knowingly continuing to employ unauthorized persons.

**Q: Does receiving a mismatch letter, standing alone, indicate that I ought to terminate the employees whose numbers did not match SSA records?**

**A:** There are many reasons for a mismatch between employer and SSA records, including transcription errors and name changes due to marriage that are not reported to SSA. Employers should not assume that the mismatch is the result of any wrongdoing on the part of the employee. Moreover, an employer who takes action against an employee based on nothing more substantial than a mismatch letter may, in fact, violate the law.

**Q: Will I be liable for discrimination charges brought by the United States if I terminate the employee after following the steps outlined above?**

**A: No.** An employer that receives such a letter and terminates employees without attempting to resolve the mismatches, or who treats employees differently based upon national origin or other prohibited characteristics, may be found to have engaged in unlawful discrimination. However, if an employer that follows all of the procedures outlined by DHS in this letter (and http://www.ice.gov) cannot determine that an employee is authorized to work in the United States, and therefore terminates that employee, and if that employer applied the same procedures to all employees referenced in the mismatch letter, then that employer will not be subject to suit by the United States under the Immigration and Nationality Act's anti-discrimination provision.

If you have any additional questions, please visit http://www.ice.gov for extensive information or feel free to contact the Immigration and Customs Enforcement Office of Investigations at
1-800-421-7105.