Matthew Ross (SBN 084703)
Philip Monrad (SBN 151073)
LEONARD, CARDER, LLP
1330 Broadway, Suite 1430
Oakland, CA 94612
Telephone:   (510) 272-0169
Facsimile:   (510) 272-0174
Email:   MRoss@leonardcarder.com; PMonrad@leonardcarder.com

Robert M. Weinberg   (*pro hac vice* application forthcoming)
Leon Dayan   (*pro hac vice* application forthcoming)
Jennifer L. Hunter   (*pro hac vice* application forthcoming)
BREDHOFF & KAISER, PLLC
805 Fifteenth Street, NW, Tenth Floor
Washington, D.C. 20008
Telephone:   (202) 842-2600
Facsimile:   (202) 842-1888
Email:   LDayan@bredhoff.com; JHunter@bredhoff.com

*Attorneys for Plaintiff-Intervenors UFCW et al.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS; SAN FRANCISCO LABOR COUNCIL; SAN FRANCISCO BUILDING AND CONSTRUCTION TRADES COUNCIL; and CENTRAL LABOR COUNCIL OF ALAMEDA COUNTY,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; JULIE MYERS, Assistant Secretary of Homeland Security; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MICHAEL ASTRUE, Commissioner of Social Security; and SOCIAL SECURITY ADMINISTRATION,<br><br>Defendants. | Case No.: 07-04472(CRB)<br><br>**UNOPPOSED MOTION FOR LEAVE TO INTERVENE**<br><br>Date:   September 14, 2007<br>Time:   10:00 a.m.<br>Judge:   Hon. Charles R. Breyer<br>Dept.:   Courtroom 8, 19th Floor<br>           450 Golden Gate Ave.<br>           San Francisco, CA  94102 |

Unopposed Motion for Leave to Intervene, Case No. 07-04472(CRB)

1    The United Food and Commercial Workers International Union (UFCW), UFCW Local 5 ("Local 5"), UNITE HERE, and UNITE HERE Local 2 ("Local 2") (collectively, "Applicants") hereby move pursuant to Federal Rule of Civil Procedure 24(b) to intervene as plaintiffs in the instant action, such motion to be heard on September 14, 2007, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 10, 19th Floor, of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, 94102.  This unopposed motion is supported by the following points and authorities:

## BACKGROUND

### 1. The Issue in this Lawsuit

Under the Immigration Reform and Control Act of 1986 (IRCA), employers, upon hiring workers, are required to follow a procedure designed verify the employees' authorized work status.  *See* 8 U.S.C. § 1324a(b).  If an employer follows the procedure with respect to a hired employee, the employer is permitted to continue to employ that properly hired employee without being under a constant duty to re-examine the question of the employee's immigration status.  Through its civil and criminal sanctions provisions, IRCA requires employers to discharge a properly hired employee if, but only if, the employer comes to "know[]" that the employee is an unauthorized alien.  *See* 8 U.S.C. § 1324a(a).

The complaint that initiated this action was filed on August 29, 2007 by the American Federation of Labor & Congress of Industrial Organizations (AFL-CIO) and other AFL-CIO-related entities.   The complaint seeks invalidation of a Final Rule adopted by the Department of Homeland Security on August 15, 2007, 72 Fed. Reg. 45611 (Aug. 15, 2007) ("DHS Final Rule" or "Rule"), principally on the grounds that it is inconsistent with IRCA, and that it is arbitrary

and capricious as being based on factual assumptions by the agency that are not supported by evidence in the administrative record.

The DHS Final Rule under challenge has two components:  First, it creates a legal fiction by deeming the bare receipt by an employer of a "no-match" letter from the Social Security Administration (SSA)—a letter stating that a social security number (SSN) reported by the employer with respect to a particular employee does not match the SSN in the SSA's (error-prone) database—to constitute evidence that the employer "know[s]" that the employee in question is an alien not authorized to work in the United States.  Second, the Rule requires an employer in receipt of a no-match letter to treat the letter *as if* it established to a high probability that each listed employee is an unauthorized alien—even though DHS itself did not make a finding to that effect, and federal agencies for more than a decade have been saying the exact opposite.

In particular, the Rule requires employers in receipt of a no-match letter to conduct a prescribed investigation and follow other specified procedures for a period running 93 days, in order to determine whether the listed person is likely to be an unauthorized alien.  The employer may use the first 30 days to examine its own records, and need allow the employee only the remaining 63 days to resolve the discrepancy by working through the Social Security Administration bureaucracy or otherwise to resolve the discrepancy. If, at the end of the 93-day period, the mismatch has not been resolved in a manner favorable to the employee, the Rule provides that the employer, while insulated from liability for that period, becomes exposed to liability for a "knowing" IRCA violation immediately thereafter unless it terminates the employee at once.

### 2. **The Interest of the Applicants in this Action**

Applicant United Food and Commercial Workers (UFCW) is an international union representing 1.3 million working grocery, food processing, retail, manufacturing, and other workers throughout the United States.  UFCW is one of the largest unions having a substantial proportion of immigrants as members.  Applicant UNITE HERE is an international union representing more than 450,000 in the apparel and textiles, hotel, casino, food service, and restaurant industries.  UNITE HERE has a diverse membership, a substantial proportion of whom are immigrants and a high percentage of whom are Latino and Asian-American workers.

Applicant UNITE HERE Local 2 represents hotel and restaurant workers throughout the San Francisco metropolitan area, including numerous immigrants authorized to work in the United States.  In that connection, Local 2 has become experienced in understanding SSA no-match letters and their deficiencies as indicators of lawful work status.  In Local 2's experience, many authorized workers have "no match" discrepancies because of such factors as inconsistent transliterations of their names or inconsistent conventions with respect to the use of hyphenated or compound surnames. Local 2 has, on numerous occasions, represented members who appeared on SSA no-match letters and who were either discharged or threatened with discharge on that basis.  Local 2 has, for example, successfully brought a grievance arbitration on behalf of a member found by the arbitrator to have been unjustly discharged based on a no-match letter. Local 2 has, moreover, negotiated collective bargaining agreements with employers that establish protocols protecting employees whose names appear on no-match letters—contracts that the DHS Final Rule threatens to impair.

Applicant UFCW Local 5 represents workers, including immigrant workers authorized to work in the United States, in a variety of industries throughout Northern California, including the

1  grocery, retail, food processing, and agricultural industries.  UFCW Local 5, like UNITE HERE

2  Local 2, has become experienced in understanding SSA no-match letters and their deficiencies as

3  indicators of lawful work status, particularly with respect to employees with compound surnames

4  or surnames that are inconsistently transliterated.

5  All of the applicants, in their capacities as representatives of employees authorized to

6  work in the United States, have an interest in preventing the implementation of the DHS Final

7  Rule, because the Rule will cause some authorized employees to lose their jobs unjustly and will

8  cause others to be forced to lose time from work and incur other costs and burdens entailed in

9  being compelled to correct discrepancies in their SSA records in the abbreviated time period set

10  forth in the Final Rule.

11  All of the applicants, in addition to being labor organizations, are also employers with

12  respect to their own staff employees, and Local 5 has in the past received a no-match letter in its

13  capacity as employer.  In their capacities as employers, applicants seek through participation in

14  this lawsuit to prevent the harms to their interest as employers which would result from their

15  being threatened with civil and criminal sanctions for conduct that Congress did not intend to

16  penalize, and their interest in not being compelled to expend scarce resources conducting

17  investigations and inquiries that Congress did not intend for them to have to conduct.

18  **ARGUMENT**

19  Rule 24(b) of the Federal Rules of Civil Procedure sets for the requirements for an

20  application for "permissive" intervention.  It states that "anyone may be permitted to intervene in

21  an action: … when an applicant's claim or defense and the main action have a question of law or

22  fact in common."  Fed. R. Civ. P. 24(b).  The existence of a common question of law or fact is

23  the *only* substantive criterion that must be established to satisfy Rule 24(b).  Rule 24(b) also

24

1  contains a procedural component, providing that, in exercising its discretion as to whether to

2  grant an application for permissive intervention, "the court shall consider whether the

3  intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

4  *Id.*

5        Here, the applicants' proposed complaint in intervention, attached hereto as Exhibit 1,

6  plainly meets the substantive requirement of Rule 24(b). The complaint asserts the same claims

7  as those asserted in the complaint of the plaintiffs whose suit initiated this action and therefore

8  presents questions of law that are in common with those in the principal complaint.

9        The intervention sought in this application also meets the procedural requisites of Rule

10  24(b). The application is plainly timely, having been filed within two weeks of the initial

11  lawsuit.   And, it will not unduly delay or prejudice the adjudication of the rights of the principal

12  parties. The Court established a briefing schedule in its order of August 31, 2007 providing that

13  the brief of the plaintiffs in support of their motion for a preliminary injunction is due on

14  September 11, 2007, that the defendants' opposition brief is due on September 18, 2007, and that

15  the plaintiffs' reply is due on September 25.   Applicants have informed the defendants that they

16  will not seek any change to this briefing schedule. On that basis, and because it is not in the

17  defendants' interests, or in the interests of the efficient administration of justice, to have to

18  contend with the administrative burden that would be caused by a separate, parallel lawsuit filed

19  by applicants, defendants stated that they would not oppose intervention by the applicants in this

20  action. Likewise, plaintiffs do not oppose intervention, and thus it is clear that none of the

21  existing parties' rights will be prejudiced or delayed at all by intervention, much less "unduly"

22  prejudiced or delayed.

23

24

1   Respectfully submitted,

2   _____/s/_____
    Matthew Ross (SBN 084703)
3   Philip Monrad (SBN 151073)
    LEONARD, CARDER, LLP
4   1330 Broadway, Suite 1430
    Oakland, CA 94612
5   Telephone:   (510) 272-0169
    Facsimile:   (510) 272-0174
6   Email:       MRoss@leonardcarder.com;
                 PMonrad@leonardcarder.com
7
    Robert M. Weinberg
8   Leon Dayan
    Jennifer L. Hunter
9   BREDHOFF & KAISER, PLLC
    805 Fifteenth Street, NW, Tenth Floor
10  Washington, D.C. 20008
    Telephone:   (202) 842-2600
11  Facsimile:   (202) 842-1888
    Email:       LDayan@bredhoff.com;
12               JHunter@bredhoff.com

13  *Attorneys for Plaintiff-Intervenors UFCW et al.*

14
    Dated: September 12, 2007
15

Unopposed Motion for Leave to Intervene, Case No. 07-04472(CRB)                              7

# CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2007, I electronically filed the foregoing **UNOPPOSED MOTION FOR LEAVE TO INTERVENE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted below:

| | |
|---|---|
| Ana L. Avendano<br>AFL-CIO<br>aavendan@aflcio.org | Danielle Evelyn Leonard<br>Altshuler Berzon LLP<br>dleonard@altshulerberzon.com |
| James B. Coppess<br>AFL-CIO<br>jcoppell@aflcio.org | Jonathan David Weissglass<br>Altshuler Berzon LLP<br>jweissglass@altshulerberzon.com |
| Linda Lye<br>Altshuler Berzon LLP<br>llye@altshulerberzon.com | Scott Alan Kronland<br>Altshuler Berzon LLP<br>skronland@altshulerberzon.com |
| Stephen P. Berzon<br>Altshuler Berzon LLP<br>sberzon@altshulerberzon.com | David Albert Rosenfeld<br>Manjari Chawla<br>Weinberg Roger & Rosenfeld<br>courtnotices@unioncounsel.net |
| Alan Lawrence Schlosser<br>ACLU Foundation of Northern California<br>aschlosser@aclunc.org | Jennifer C. Chang<br>ACLU Immigrants' Rights Project<br>jchang@aclu.org |
| Julia Harumi Mass, Esq.<br>American Civil Liberties Union of Northern California<br>jmass@aclunc.org | Linton Joaquin<br>National Immigration Law Center<br>Joaquin@nilc.org |
| Lucas Guttentag<br>ACLU Immigrants' Rights Project<br>lguttentag@aclu.org | Marielena Hincapie<br>National Immigration Law Center<br>mhincapie@nilc.org |
| Monica Teresa Guizar<br>National Immigration Law Center<br>guizar@nilc.org | Monica Maria Ramirez<br>ACLU Immigrants' Rights Project<br>mramirez@aclu.org |

Unopposed Motion for Leave to Intervene, Case No. 07-04472(CRB)                                                                 8

| | |
|---|---|
| Omar C. Jadwat<br>ACLU Immigrants' Rights Project<br>ojadwat@aclu.org | Daniel Benzing<br>U.S. Dept. of Justice<br>Daniel.Bensing@USDOJ.gov |
| Jonathan Unruh Lee<br>U.S. Attorneys Office<br>Jonathan.lee@usdoj.gov | Robert P. Charrow<br>Greenberg Traurig LLP<br>charrowr@gtlaw.com |
| Laura M. Klaus<br>Greenberg Traurig, LLP<br>klausl@gtlaw.com | William J. Goines<br>Greenberg Traurig, LLP<br>goinesw@gtlaw.com |
| Karen Rosenthal<br>Greenberg Traurig, LLP<br>rosenthalk@gtlaw.com | Cindy Hamilton<br>Greenberg Traurig, LLP<br>hamiltonc@gtlaw.com |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on September 12, 2007.


/s/ Kris Paschall
Kris Paschall
Legal Secretary