Linda Claxton (SBN 125729)
linda.claxton@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
633 West Fifth Street, 53rd Floor
Los Angeles, California 90071
Telephone:   (213) 239-9800
Facsimile:   (213) 239-9045

Attorneys for Amicus Curiae
THE NATIONAL FEDERATION OF
INDEPENDENT BUSINESS LEGAL FOUNDATION

Karen R. Harned
Elizabeth Gaudio
NFIB Legal Foundation
1201 F Street, N.W.
Suite 200
Washington D.C., 20004
Telephone:   (202) 406-4443
Facsimile:   (202) 479-9059

Of Counsel

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS; SAN FRANCISCO LABOR COUNCIL; SAN FRANCISCO BUILDING AND CONSTRUCTION TRADES COUNCIL; AND CENTRAL LABOR COUNCIL OF ALAMEDA COUNTY,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>MICHAEL CHERTOFF, Secretary of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; JULIE MYERS, Assistant Secretary of Homeland | Case No. 07-04472(CRB)<br><br>***EX PARTE APPLICATION* OF NATIONAL FEDERATION OF INDEPENDENT BUSINESS LEGAL FOUNDATION TO PARTICIPATE AS AN AMICUS CURIAE AND SUBMIT ITS PROPOSED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF-INTERVENORS' REGULATORY FLEXIBILITY ACT CAUSE OF ACTION** |

CASE NO. 07-04472(CRB)
*EX PARTE APPL.* OF NFIB LEGAL FOUNDATION TO PARTICIPATE AS AMICUS CURIAE & SUBMIT ITS PROPOSED MEMO OF P/A IN SUPPORT OF PLTF-INTERVENORS' REGULATORY FLEXIBILITY ACT C/A

motionnfib

| | |
|---|---|
| 1 | Security; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MICHAEL ASTRUE, Commissioner of Social Security; and SOCIAL SECURITY ADMINISTRATION, |
| 2 | |
| 3 | |
| 4 | |
| 5 | Defendants. |
| 6 | |
| 7 | SAN FRANCISCO CHAMBER OF COMMERCE, CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, GOLDEN GATE RESTAURANT ASSOCIATION, NATIONAL ROOFING CONTRACTORS ASSOCIATION, AMERICAN NURSERY & LANDSCAPE ASSOCIATION, INTERNATIONAL FRANCHISE ASSOCIATION, and UNITED FRESH PRODUCE ASSOCIATION |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | Plaintiff-Intervenors, |
| 15 | v. |
| 16 | |
| 17 | MICHAEL CHERTOFF, Secretary of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; JULIE MYERS, Assistant Secretary of Homeland Security; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MICHAEL ASTRUE, Commissioner of Social Security; and SOCIAL SECURITY ADMINISTRATION, |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | Defendants. |
| 24 | |

CASE NO. 07-04472(CRB)

*EX PARTE APPL.* OF NFIB  LEGAL FOUNDATION TO PARTICIPATE AS AMICUS CURIAE & SUBMIT ITS PROPOSED MEMO OF P/A IN SUPPORT OF PLTF-INTERVENORS' REGULATORY FLEXIBILITY ACT C/A

motionnfib

The National Federation of Independent Business Legal Foundation ("NFIB Legal Foundation") hereby respectfully applies *ex parte* for permission to participate in this action as an amicus curiae in support of Plaintiff-Intervenors' First Cause of Action alleging the federal defendants violated the Regulatory Flexibility Act, 5 U.S.C. §§ 601-6012 ("RFA"). Accordingly, the Proposed Amicus seeks leave of the Court to file the attached amicus curiae Memorandum of Points and Authorities in Support of Plaintiff-Intervenors' RFA Cause of Action.  Plaintiffs, Intervenor labor groups, and Plaintiff-Intervenor business groups have consented to the filing of this motion and accompanying Memorandum of Points and Authorities.  Defendants indicated they oppose this filing on the ground that the briefing schedule presupposed that the Plaintiff-Intervenors would be filing papers a week ago, and, as a result, the amicus brief does not comply with that briefing schedule.

Ex parte relief is necessary because if the NFIB Legal Foundation's motion was heard on regular notice, the hearing would not take place until after the hearing on Plaintiff-Intervenors' motion for preliminary injunction.  Notice of this *ex parte* request was given to Defendants' counsel, Dan Bensing of the Department of Justice, at 1:45 p.m. on September 18, 2007, and it was at that time that Mr. Bensing asked that counsel for the NFIB Legal Foundation advise the court of Defendants' opposition and the grounds therefore.

The NFIB Legal Foundation's amicus curiae memorandum is filed with this Court at the same time as the filing of the instant motion.

### INDENTITY AND INTEREST OF THE AMICUS CURIAE

The NFIB Legal Foundation, a nonprofit public interest law firm established to protect the rights of America's small-business owners, is the legal arm of the National Federation of Independent Business (NFIB), the nation's oldest and largest organization dedicated to representing the interests of small-business owners throughout all 50 states.  In 2000, NFIB established a Legal Foundation to protect small businesses from burdensome and costly government regulations, and to ensure, through the vehicle of judicial review,

1   CASE NO. 07-04472(CRB)
*EX PARTE APPL.* OF NFIB  LEGAL FOUNDATION TO PARTICIPATE AS AMICUS CURIAE & SUBMIT ITS PROPOSED MEMO OF P/A IN SUPPORT OF PLTF-INTERVENORS' REGULATORY FLEXIBILITY ACT C/A

motionnfib

that federal and state regulators faithfully abide by the laws that were enacted to protect America's small businesses. One such statute is the RFA, as amended by the Small Business Regulatory Enforcement and Fairness Act of 1996. NFIB and the NFIB Legal Foundation have submitted comments to agencies on over 20 rules regarding the RFA. In the last six years, NFIB has also brought three actions challenging violations of the RFA by federal agencies.[1] NFIB has prevailed in one, *National Association of Home Builders v. U.S. Army Corps of Engineers,* 417 F.3d 1272 (D.C. Cir. 2005).

NFIB's national membership owns a wide variety of America's independent businesses and is represented in virtually every industry such as construction, hospitality and agriculture. NFIB's over 300,000 members, including over 10,000 in California, independently own and operate their businesses and are not dominant in their field of operations. The majority of NFIB members have five employees, gross sales of approximately $350,000 per year, and net profits of $40,000 to $50,000 annually.

The interests of small businesses and the interests of the NFIB Legal Foundation align over concerns regarding the impact of the Final Rule issued by the Department of Homeland Security ("DHS") that will require businesses and employees to resolve "no-match" letters sent by the Social Security Administration within 90 days. 72 Fed. Reg. 45611 (Aug. 15, 2007). NFIB filed comments in response to DHS's Proposed Rule on "Safe-Harbor Procedures for Employers Who Receive a No-Match Letter", 71 Fed. Reg. 34281 (June 14, 2006). In its comments, NFIB requested that DHS conduct a regulatory flexibility analysis to determine whether the proposed rule will have a significant economic impact on small entities.

Founded in 1943 as a nonprofit, nonpartisan organization, NFIB's mission is to promote and protect the right of its members to own, operate and grow their businesses. To

---

[1] *See National Federation of Independent Business v. Whitman*, 227 F. Supp. 2d 134 (D.D.C. 2002); *National Association of Home Builders v. U.S. Army Corps of Engineers,* 417 F.3d 1272 (D.C. Cir. 2005); and *National Federation of Independent Business v. Architectural Architectural and Transportation Barriers Compliance Board*, 461 F. Supp. 2d 19 (D.D.C. 2006).

2   CASE NO. 07-04472(CRB)
*EX PARTE APPL.* OF NFIB LEGAL FOUNDATION TO PARTICIPATE AS AMICUS CURIAE & SUBMIT ITS PROPOSED MEMO OF P/A IN SUPPORT OF PLTF-INTERVENORS' REGULATORY FLEXIBILITY ACT C/A

fulfill this role as the voice for small business, the NFIB Legal Foundation frequently files amicus briefs in cases that will impact small businesses.

## MATTERS WHICH THE AMICUS CURIAE WILL ADDRESS

The NFIB Legal Foundation will limit its discussion to whether DHS complied with the RFA when it undertook to determine under the RFA, 5 U.S.C. § 605(b), whether the Final Rule that is challenged in this litigation would have a significant economic impact on a substantial number of small entities.  The RFA protects small businesses, like those impacted by the final rule, by prescribing a detailed, specific process by which federal agencies must assess the impacts of regulatory proposals on small entities and then develop and consider alternatives that would ameliorate such negative impacts.  *Nat'l Ass'n of Psychiatric Health Sys. v. Shalala*, 120 F. Supp. 2d 32, 43-44 (D.D.C. 2000).  Congress also added judicial review provisions to the RFA in 1996.  5 U.S.C. § 611 (2000).  In doing so, Congress recognized "that agencies have given lip service at best to [the] RFA, and small entities have been denied legal recourse to enforce the Act's requirements."  *See* 142 CONG. REC. S3242, S3245 (daily ed. Mar. 29, 1996) (Small Business Regulation Enforcement and Fairness Act – Joint Managers' Statement of Legislative History and Congressional Intent).

Proposed Amicus examines in detail the applicable standard of review, and the historical development of that standard.  In promulgating the rule, DHS incorrectly attempted to abbreviate its and this Court's obligations under the RFA into virtual nullities. Proposed Amicus also explains how in this case DHS minimized the effect of the rule and ignored its significant economic impact on small businesses.

**CONCLUSION**

For the foregoing reasons, Proposed Amicus NFIB Legal Foundation therefore respectfully requests this Court's leave to file the attached amicus curiae Memorandum of Points and Authorities and to participate in this action to any additional extent that the Court deems informative and constructive.

DATED: September 18, 2007

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Linda Claxton
Attorneys for Amicus Curiae
NFIB Legal Foundation