Stephen P. Berzon (SBN 46540)
Scott A. Kronland (SBN 171693)
Jonathan Weissglass (SBN 185008)
Linda Lye (SBN 215584)
Danielle E. Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: skronland@altshulerberzon.com
Email: llye@altshulerberzon.com
Email: dleonard@altshulerberzon.com

*Attorneys for Plaintiffs*

Jonathan P. Hiatt (SBN 63533) (Admitted *Pro Hac Vice*)
James B. Coppess
Ana L. Avendaño (SBN 160676)
AFL-CIO
815 Sixteenth Street, N.W.
Washington, D.C. 20006
Telephone: (202) 637-5053
Facsimile: (202) 637-5323
Email: aavendan@aflcio.org

*Attorneys for Plaintiff AFL-CIO*

(Counsel list continued on next page)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS; SAN FRANCISCO LABOR COUNCIL; SAN FRANCISCO BUILDING AND CONSTRUCTION TRADES COUNCIL; and CENTRAL LABOR COUNCIL OF ALAMEDA COUNTY,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; JULIE MYERS, Assistant Secretary of Homeland Security; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MICHAEL ASTRUE, Commissioner of Social Security; and SOCIAL SECURITY ADMINISTRATION,<br><br>Defendants. | Case No. C07-4472 CRB<br><br>**RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Date: October 1, 2007<br>Time: 2:30 p.m.<br>Place: Courtroom 8, 19th Floor |

RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY, Case No. C07-4472 CRB

(Counsel list continued from first page)

Linton Joaquin (SBN 73547)
Marielena Hincapié (SBN 188199)
Monica T. Guizar (SBN 202480)
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Blvd., Suite 2850
Los Angeles, CA 90010
Telephone: (213) 674-2850
Facsimile: (213) 639-3911
Email: guizar@nilc.org

Lucas Guttentag (SBN 90208)
Jennifer C. Chang (SBN 233033)
Mónica M. Ramírez (SBN 234893)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0770
Facsimile: (415) 395-0950
E-mail: jchang@aclu.org

Omar C. Jadwat (Admitted *Pro Hac Vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2620
Facsimile: (212)-549-2654
Email: ojadwat@aclu.org

Alan L. Schlosser (SBN 49957)
Julia Harumi Mass (SBN 189649)
ACLU FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-1478
E-mail: aschlosser@aclu.org

*Attorneys for Plaintiff Central Labor Council of Alameda County*

David A. Rosenfeld (SBN 58163)
Manjari Chawla (SBN 218556)
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone: (510) 337-1001
Facsimile: (510) 337-1023
Email: drosenfeld@unioncounsel.net

*Attorneys for Plaintiffs San Francisco Labor Council,
San Francisco Building and Construction Trades Council,
and Central Labor Council of Alameda County*

RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY, Case No. C07-4472 CRB

**RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

1.      *Mountain High Knitting v. Reno*, 51 F.3d 216 (9th Cir. 1995), had nothing to do with Social Security Administration ("SSA") no-match letters. The use of the term "no match" in the opinion and Defendants' Notice of Supplemental Authority should not obscure that the case was about a very different type of document with a different origin and purpose.

In *Mountain High*, the Immigration and Naturalization Service ("INS"), the predecessor to the Immigration and Customs Enforcement division of the Department of Homeland Security ("DHS"), notified the employer that employees' alien registration numbers on Form I-9 did not match INS records and that, unless the employees could present valid documents, they were not authorized to work. *Id.* at 219.

This is precisely the same fact pattern – involving actual notice to the employer *from the INS* about employees' *immigration* status – at issue in *Mester Mfg. Co. v. INS,* 879 F.2d 561 (9th Cir. 1989) and *New El Rey Sausage Co. v. INS,* 925 F.2d 1153 (9th Cir. 1991). We have never disputed that an employer who fails to act after receiving such an INS notice can be held to have constructive knowledge an employee lacks work authorization, and we have made clear we are not challenging that portion of the DHS regulation that so provides. *See* Pl. Mem. at 14 n.5. By contrast, an SSA no-match letter does not make "any statement" about an employee's immigration status and does not trigger the constructive-knowledge doctrine.

The INS letter to the employer in *Mountain High* therefore "did not direct [the employer] to do anything except comply with its preexisting affirmative obligations under [IRCA]." 51 F.3d at 220. By contrast, the DHS Final Rule and guidance letter attempt to go beyond IRCA by imposing on employers a new legal obligation to re-verify or terminate employees listed in SSA no-match letters.

2.      *Mountain High* held that the INS was not responsible for the employer's temporary suspension of the work-authorized employees listed on the INS letter because the INS never advised the employer that immediate suspension was necessary. *Id.* at 220. Indeed, the Ninth Circuit observed that the employer's attorney in *Mountain High* also represented the appellant in *Mester* and that *Mester* made clear that an immediate suspension was *not* required. *Mountain High*, 51 F.3d

at 220 n.5. Thus, for standing purposes, the employer's decision to immediately suspend the employees could not "fairly be traced to the INS letter." *Id*. at 220.

By contrast, the injuries that the union Plaintiffs and the business Plaintiffs allege in this case will flow from employers *following* the DHS Final Rule and the DHS guidance letter. The new DHS guidance letter instructs employers to apply the safe-harbor procedures uniformly to all SSA no-match employees, so the consequences of following those procedures – which will include the burdens and disruptions of compliance and the termination of employees unable to clear up no matches within 60-days – certainly can "fairly be traced" to DHS. *See* Pl. Reply at 17-18 (discussing the holding in *Bennett v. Spear*, 520 U.S. 154 (1997)).

3.  *Mountain High* also illustrates the perils of relying upon even government databases that (unlike the SSA no-match database) contain information about work-authorization status. In *Mountain High*, it turned out that 11 of the 15 employees accused by INS of being unauthorized in fact had valid work authorizations, and that the "errors were apparently attributable to both the INS and Mountain High." 51 F.3d at 219. This underscores that employees do suffer because of data errors and employers' fear of liability. In this case, DHS seeks to create liability based upon an SSA no-match letter that does not even concern immigration status.

Dated: September 28, 2007         Respectfully submitted,

Stephen P. Berzon
Scott A. Kronland
Jonathan Weissglass
Linda Lye
Danielle E. Leonard
ALTSHULER BERZON LLP

Jonathan P. Hiatt
James B. Coppess
Ana Avendaño
AFL-CIO

Linton Joaquin
Marielena Hincapié
Monica T. Guizar
NATIONAL IMMIGRATION LAW CENTER

Lucas Guttentag
Jennifer C. Chang
Mónica M. Ramírez

RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY, Case No. C07-4472 CRB    2

1         AMERICAN CIVIL LIBERTIES UNION FOUNDATION

2         Omar C. Jadwat
        AMERICAN CIVIL LIBERTIES UNION FOUNDATION

3

4         Alan L. Schlosser
        Julia Harumi Mass
        ACLU FOUNDATION OF NORTHERN CALIFORNIA

5

6         David A. Rosenfeld
        Manjari Chawla
        WEINBERG, ROGER & ROSENFELD

7

        by: /s/Scott A. Kronland

8              Scott A. Kronland

9         Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY, Case No. C07-4472 CRB    3