1  PETER D. KEISLER
   Assistant Attorney General
2  THOMAS H. DUPREE JR. (D.C. Bar No. 467195)
   Deputy Assistant Attorney General
3  SCOTT N. SCHOOLS
4  United States Attorney
   SANDRA SCHRAIBMAN (D.C. Bar No. 188599)
5  DANIEL E. BENSING (D.C. Bar No. 334268)
   Attorneys, U.S. Department of Justice
6  Civil Division, Federal Programs Branch
7  20 Massachusetts Ave., N.W., Room 6114
   Washington, D.C.  20001
8  Telephone:  (202) 305-0693
   Facsimile:  (202) 616-8460
9  Daniel.Bensing@USDOJ.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS, et al., <br><br>   Plaintiffs, <br><br> SAN FRANCISCO CHAMBER OF COMMERCE, et al., <br><br>   Plaintiffs-Intervenors, <br><br> and <br><br> UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, et al., <br><br>   Plaintiffs-Intervenors <br><br>   v. <br><br> MICHAEL CHERTOFF, Secretary of Homeland Security, et al., <br><br>   Defendants. | Case No. 07-4472 CRB <br><br><br><br><br><br><br><br><br><br><br> **NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendants respectfully submit this Notice of Supplemental Authority to call the Court's attention to a Ninth Circuit decision that is directly relevant to numerous issues in this case, including whether plaintiffs lack standing and whether the DHS rule attaches new legal significance to no-match letters by placing a "duty" on employers to take reasonable steps to resolve the mismatch.

In Mountain High Knitting v. Reno, 51 F.3d 216 (9th Cir. 1995), the Ninth Circuit discussed the legal significance of no-match letters. In that case, the INS had inspected Mountain High's records and had identified fifteen employees whose I-9s or alien registration cards failed to correspond with INS records. The agency then issued no-match letters to Mountain High. Id. at 219. The no-match letters stated:

> This letter is to inform you that, according to [INS] records, the alien registration cards presented to you and the alien numbers recorded on the Form I-9 does [sic] not relate to the above listed individuals. Unless they present valid identification and employment eligibility documentation acceptable for completing the Form I-9, they are unauthorized to work in the United States.
>
> This is a very serious matter that requires your immediate attention. The law imposes civil penalties ... if you hire an alien knowing that they are not authorized to work in the United States or continue to employ an alien knowing the alien is or has become an alien not authorized to work in the United States. If you or the employee feel this determination is in error and the employee is an authorized worker, please contact ...

Id. (emphasis added).

The plaintiffs sued, alleging that "INS no-match letters coerce employers into suspending or firing employees identified in the letters." Id. at 220. The Ninth Circuit rejected the claim, holding that "the no match letter did not direct Mountain High Knitting to do anything except comply with its preexisting affirmative obligations under the Immigration Reform and Control Act of 1986." Id. The Court explained that the no-match letter "simply informed the company

of the statutory penalties for *knowingly* employing an alien not authorized to work in the United States and directed it to recheck the documents of listed employees." Id. (emphasis in original). Thus, "[i]f the company then placed these workers on leave, it was acting voluntarily and any harm it claims from the loss of their services cannot fairly be traced to the [no-match] letter." Id. (citing New El Rey Sausage Co. v. INS, 925 F.2d 1153, 1158 (9th Cir. 1991)).  Moreover, the Court concluded, "[t]he individual appellants . . . lack standing to join in this claim" because "[a]ny purported injury they suffered did not come at the hands of the INS." Id.  The Court also noted that whereas "the INS must provide employers with a reasonable time for compliance after they become aware that an employee is unauthorized," the no-match letter "implicitly gave the

company reasonable time to recheck the employees' documentation and file the new I-9s." Id. at 220 n.5.

DATED: September 28, 2007  Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
THOMAS H. DUPREE JR. (D.C. Bar No. 467195)
Deputy Assistant Attorney General


SCOTT N. SCHOOLS
United States Attorney


_____/s/_____
SANDRA SCHRAIBMAN
DANIEL E. BENSING (D.C. Bar No. 334268)
Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6114
Washington, D.C.  20001
Telephone:  (202) 305-0693
Facsimile:  (202) 616-8460
E-mail: Daniel.Bensing@USDOJ.gov

## Certificate of Service

I hereby certify that on September 28, 2007, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted below:

Scott A. Kronland
Altshuler Berzon LLP
skronland@altshulerberzon.com

Ana L. Avendano
AFL-CIO
aavendan@aflcio.org

James B. Coppess
AFL-CIO
jcoppell@aflcio.org

Linda Claxton
Ogletree, Deakins, Nash, Smoak &
 Stewart P.C.
linda.claxton@ogletreedeakins.com

Alan Lawrence Schlosser
ACLU Foundation of Northern California
aschlosser@aclunc.org

Julia Harumi Mass, Esq.
American Civil Liberties Union of
Northern California
jmass@aclunc.org

Lucas Guttentag
ACLU Immigrants' Rights Project
lguttentag@aclu.org

Monica Teresa Guizar
National Immigration Law Center
guizar@nilc.org

Robert Charrow
Greenberg Traurig, LLP
charrowr@gtlaw.com

David Albert Rosenfeld
Manjari Chawla
Weinberg Roger & Rosenfeld
courtnotices@unioncounsel.net

Jennifer C. Chang
ACLU Immigrants' Rights Project
jchang@aclu.org

Linton Joaquin
National Immigration Law Center
joaquin@nilc.org

Marielena Hincapie
National Immigration Law Center
hincapie@nilc.org

Monica Maria Ramirez
ACLU Immigrants Right Project
mramirez@aclu.org

Leon Dayan
Bredhoff & Kaiser
LDayan@Bredhoff.com

Omar C. Jadwat
ACLU Immigrants Rights Project
ojadwat@aclu.org

/s/
_____
Daniel Bensing