PETER D. KEISLER
Assistant Attorney General
THOMAS H. DUPREE, JR.
Deputy Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
SANDRA SCHRAIBMAN (D.C. Bar No. 188599)
DANIEL E. BENSING (D.C. Bar No. 334268)
Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6114
Washington, D.C.  20001
Telephone:  (202) 305-0693
Facsimile:  (202) 616-8460
Email: Daniel.Bensing@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS, et al., <br><br>   Plaintiffs, <br><br> SAN FRANCISCO CHAMBER OF COMMERCE, et al., <br><br>   Plaintiffs-Interveners, <br><br>   and <br><br> UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, et al., <br><br>   Plaintiffs-Interveners <br><br>   v. <br><br> MICHAEL CHERTOFF, Secretary of Homeland Security, et al., <br><br>   Defendants. | Case No. 07-4472 CRB <br><br><br><br><br><br><br><br><br><br><br><br><br><br> **DEFENDANTS' ANSWER TO CHAMBER OF COMMERCE PLAINTIFFS'** <br> **FIRST AMENDED COMPLAINT** |

DEFENDANTS' ANSWER TO CHAMBER PLAINTIFFS' FIRST AMENDED COMPLAINT

<u>First Affirmative Defense</u>

The Chamber of Commerce plaintiffs (hereafter plaintiffs) lack standing to bring the claims they have alleged.

<u>Second Affirmative Defense</u>

Plaintiffs' claims are not ripe for judicial review.

<u>Third Affirmative Defense</u>

The Court lacks subject matter jurisdiction over plaintiffs' claims.

<u>Fourth Affirmative Defense</u>

Plaintiffs have failed to state a claim on which relief may be granted.

Defendants hereby respond to the numbered paragraphs of the plaintiffs' Amended Complaint as follows:

1. Deny first sentence. The second sentence constitutes plaintiffs' characterization of this action to which no response is required. Admit sentences three through six. Deny seventh sentence.

2. Deny first sentence, except to admit that the Secretary of the Department of Homeland Security (DHS) certified that the rule titled "Safe Harbor Procedure for Employers Who Receive a No-Match Letter," 72 Fed. Reg. 45611 (August 15, 2007) (Safe Harbor rule) "would not have a significant economic impact on a substantial number of small entities." Deny second sentence, except to admit that DHS did not conduct a regulatory flexibility analysis on the Safe Harbor rule. The third sentence constitutes plaintiffs' characterization of this action to which no response is required.

3. This paragraph constitutes a legal conclusion to which no response is required; to the

extent that a response is required, deny paragraph 3.a and admit paragraph 3.b.

4. This paragraph constitutes a legal conclusion to which no response is required, to the extent that a response is required, admit.

5. The first sentence constitutes a legal conclusion to which no response is required; to the extent that a response is required, admit. Defendant lacks information about the truth of the second sentence, except to admit that the Social Security Administration maintains an office in San Francisco.

6. Defendant lacks information about the truth of sentences 1-9. The tenth sentence constitutes plaintiffs' characterization of this action to which no response is required.

7. Defendant lacks information about the truth of sentences 1-5. The sixth sentence constitutes plaintiffs' characterization of this action to which no response is required.

8. Defendant lacks information about the truth of sentences 1-5. The sixth sentence constitutes plaintiffs' characterization of this action to which no response is required.

9. Defendant lacks information about the truth of sentences 1-7. The eighth sentence constitutes plaintiffs' characterization of this action to which no response is required.

10. Defendant lacks information about the truth of sentences 1-5. The sixth sentence constitutes plaintiffs' characterization of this action to which no response is required.

11. Defendant lacks information about the truth of sentences 1-5. The sixth sentence constitutes plaintiffs' characterization of this action to which no response is required.

12. Defendant lacks information about the truth of sentences 1-6. The seventh sentence constitutes plaintiffs' characterization of this action to which no response is required.

13. Defendant lacks information about the truth of sentences 1-10. The eleventh sentence constitutes plaintiffs' characterization of this action to which no response is required.

DEFENDANTS' ANSWER TO CHAMBER PLAINTIFFS' FIRST AMENDED COMPLAINT 3

14. Admit first sentence. Admit second sentence except to aver that the correct title of the rule is "Safe Harbor Procedures for Employers Who Receive a No Match Letter."

15. Admit the first sentence. Deny the second sentence except to admit that the DHS Guidance Letter was the product of an inter-agency effort in which DHS and ICE participated.

16. Admit.

17. Admit.

18. Admit first and second sentences. Deny third sentence except to admit that, beginning on September 4, 2007 defendant SSA had intended to to send the DHS/ICE Guidance Letter to employers along with its "no-match" letters, but deny that SSA has any current intention to send out such letters as long as the Court's injunction prohibiting it from doing so remains in effect.

19. Admit.

20. The first and second sentences constitutes a characterization of the Social Security Act and legal conclusion to which no response is required; to the extent that a response is required, admit. Admit third sentence, but aver that SSA and IRS created a joint program for processing W-2 forms, not a "joint system."

21. Admit.

22. Admit first sentence. Deny second sentence, except to admit that earnings remain in the Earnings Suspense Account until SSA is able to credit them to a worker's record.

23. Admit first sentence. Deny second sentence, except to admit that as of October 2005 there were approximately 255 million unmatched earnings records contained with in the Earnings Suspense File, that as of October 2006 there were approximately 264 million unmatched earnings records contained within the Earnings Suspense File and that as of October 2007 there were approximately 274 million unmatched earnings records contained within the Earnings Suspense File.

DEFENDANTS' ANSWER TO CHAMBER PLAINTIFFS' FIRST AMENDED COMPLAINT 4

Admit that, on average, approximately four percent of annual W-2 earnings reports are placed in SSA's Earnings Suspense File.

24. Admit except to deny that SSA ever knowingly issues duplicate SSNs or reissues the SSNs of deceased individuals and aver that it is very rare for SSA to inadvertently issue the same SSN to two different individuals.

25. This paragraph constitutes a characterization of a report of the Government Accountability Office to which no response is required. The Court is respectfully referred to the report for a full and complete statement of its contents.

26. Admit.

27. Admit.

28. Admit first sentence. The second and third sentences constitute conclusions of law and characterizations of the cited statutory provisions to which no response is required; to the extent a response is required, admit. The Court is respectfully referred to those statutes and regulations for a full and complete statement of their contents. Defendants lack information as to the truth of the fourth sentence.

29. Admit first and fourth sentences. The second sentence constitutes a conclusion of law to which no response is required. The third sentence constitutes a characterization of SSA's past no-match letters to which no response is required.

30. This paragraph constitutes a conclusion of law to which no response is required; to the extent that a response is required, admit.

31. The first and second sentences constitute conclusions of law to which no response is required; to the extent that a response is required, admit. Defendants lack information as to the truth of the third and fourth sentences.

DEFENDANTS' ANSWER TO CHAMBER PLAINTIFFS' FIRST AMENDED COMPLAINT 5

32. This paragraph constitutes a conclusion of law to which no response is required; to the extent that a response is required, admit.

33. This paragraph constitutes a conclusion of law to which no response is required; to the extent that a response is required, admit

34. This paragraph constitutes a conclusion of law to which no response is required; to the extent that a response is required, admit

35. Defendants lack information as to the truth of the first sentence. The balance of the paragraph constitutes a conclusion of law to which no response is required; to the extent that a response is required, admit.

36. Defendants lack information as to the truth of this paragraph.

37. Deny first sentence. Deny second sentence except to the extent that it accurately quotes from a guidance letter sent by the Immigration and Naturalization Service. The Court is referred to that letter for a full and complete statement of its contents. Deny third sentence except to the extent that it accurately quotes from the most recent SSA no-match letter. The Court is referred to that letter for a full and complete statement of its contents.

38. Deny the first sentence except to admit that DHS issued a notice of proposed rulemaking for the Safe Harbor rule on June 14, 2006. Deny the second sentence except to the extent that it accurately quotes the proposed rule. The Court is referred to the proposed rule for a full and complete statement of its contents.

39. Deny except to admit that DHS did not conduct a regulatory flexibility analysis on the Safe Harbor rule.

40. Admit first and third sentences. Defendants lack information as to the truth of the second sentence.

DEFENDANTS' ANSWER TO CHAMBER PLAINTIFFS' FIRST AMENDED COMPLAINT 6

41. Defendants deny the first sentence of paragraph 41, except to admit that DHS issued the final Safe Harbor rule on August 15, 2007. Admit second sentence. Admit that the Safe Harbor rule, by its terms, was to become effective on September 14, 2007, but aver that it has been enjoined by order of this Court and therefore is not currently effective.

42. This paragraph constitutes conclusions of law and characterization of the rule to which no response is required; to the extent that a response is required, admit. The Court is referred to the rule for a full and complete statement of its contents.

43. The first sentence constitutes a conclusion of law and plaintiffs' characterization of the Safe Harbor rule, to which no response is required; to the extent that a response is required, deny. The second and third sentences constitute conclusions of law and characterizations of the rule to which no response is required; to the extent a response is required, admit. The Court is referred to the rule for a full and complete statement of its contents.

44. This paragraph constitute plaintiffs' characterization of the Safe Harbor rule, to which no response is required. The Court is referred to the rule for a full and complete statement of its contents.

45. Deny first sentence. The second sentence constitutes a legal conclusion to which no response is required; to the extent that a response is required, admit. Admit the third sentence only to the extent that it accurately quotes from the DHS Guidance letter that was intended to be included with the SSA no-match letters. The Court is referred to the letter for a full and complete statement of its contents.

46. Admit the allegation only to the extent that it accurately quotes from the DHS Guidance letter that was intended to be included with the SSA no-match letters.

47. Admit the allegation only to the extent that it accurately quotes from the DHS Guidance

DEFENDANTS' ANSWER TO CHAMBER PLAINTIFFS' FIRST AMENDED COMPLAINT 7

letter that was intended to be included with the SSA no-match letters.

48. Admit the allegation only to the extent that it accurately quotes from the DHS Guidance letter that was intended to be included with the SSA no-match letters.

49. Admit only to the extent that it accurately quotes from or describes the DHS Guidance letter that was intended to be included with the SSA no-match letters. The Court is referred to the letter for a full and complete statement of its contents.

50. This paragraph constitutes plaintiffs' characterization of the proposed SSA no-match letter that was to be sent to employers in 2007, to which no response is required. The Court is referred to the letter for a full and complete statement of its contents.

51. Deny the first and second sentence except to admit that prior to the entry of the temporary restraining order and preliminary injunction by this Court, it had been the intention of SSA to begin sending no-match letters to employers, accompanied by the DHS guidance letter, on or about September 4, 2007 and to continue such mailings until on or about November 9, 2007. Defendants lack information at to the truth of the third sentence, except to admit that one of SSA's criteria for sending out no-match letters is to send them to employers who have submitted more than ten mis-matched W-2 forms. Deny the fourth sentence, except to admit that SSA estimates that the total number of mis-matched W-2 forms that would be identified in no-match letters is approximately 8 million.

52. Deny except to admit that prior to the entry of the temporary restraining order and preliminary injunction by this court, it had been the intention of SSA to continue sending no-match letters to employers, accompanied by the DHS guidance letter, for so long as was necessary to ensure that all employers who provided ten or more mis-matched W-2 forms received notice of that fact.

53. This paragraph constitutes a legal conclusion to which no response is required; to the

DEFENDANTS' ANSWER TO CHAMBER PLAINTIFFS' FIRST AMENDED COMPLAINT 8

extent that a response is required, deny.

54. Deny first sentence. Defendants lack information as to the truth of the second sentence. Deny third sentence.

55. Defendants lack information as to the truth of this paragraph.

56. Defendants lack information as to the truth of this paragraph.

57. Defendants lack information as to the truth of the first sentence. As to the second sentence, deny except to admit that "SSA has informed DHS that, if employer and employee act in a timely manner, a 90-day time frame will be sufficient for all but the most difficult cases." 72 Fed. Reg. at 45617. Deny third sentence except to admit that the Secretary of DHS certified that the Safe Harbor rule "would not have a significant economic impact on a substantial number of small entities." Deny fourth sentence except to admit that DHS did not perform a regulatory flexibility analysis on the Safe Harbor rule.

58. Defendants incorporate by reference their answers to the allegations set forth in ¶¶ 1-56, above.

59. Deny first sentence. Defendants lack information as to the truth of the balance of the paragraph.

60. Deny first sentence except to admit that DHS did not perform a regulatory flexibility analysis on the Safe Harbor rule. Deny second sentence except to admit that the Secretary of DHS certified that the Safe Harbor rule "would not have a significant economic impact on a substantial number of small entities."

61. This paragraph constitutes a legal conclusion to which no response is required; to the extent that a response is required, deny.

62. This paragraph constitutes a legal conclusion to which no response is required; to the

DEFENDANTS' ANSWER TO CHAMBER PLAINTIFFS' FIRST AMENDED COMPLAINT 9

extent that a response is required, deny.

63. Defendants incorporate by reference their answers to the allegations of all preceding paragraphs.

64. This paragraph constitutes a legal conclusion to which no response is required; to the extent that a response is required, deny.

65. Defendants incorporate by reference their answers to the allegations of all preceding paragraphs.

66. This paragraph constitutes a legal conclusion to which no response is required; to the extent that a response is required, deny.

The balance of plaintiffs' complaint constitutes a prayer for relief to which no answer is required.  Defendants deny that plaintiffs are entitled to the relief requested or to any relief.

Defendants hereby deny all allegations not expressly admitted or denied.

Defendants pray that plaintiffs' complaint be dismissed and defendants be awarded their costs.

DATED: November13, 2007                  Respectfully submitted,


                                         PETER D. KEISLER
                                         Assistant Attorney General
                                         THOMAS H. DUPREE JR. (D.C. Bar No. 467195)
                                         Deputy Assistant Attorney General


                                         SCOTT N. SCHOOLS
                                         United States Attorney

DEFENDANTS' ANSWER TO CHAMBER PLAINTIFFS' FIRST AMENDED COMPLAINT 10

1
2
3      _____/s/_____
       SANDRA SCHRAIBMAN
       DANIEL E. BENSING (D.C. Bar No. 334268)
4      Attorneys, U.S. Department of Justice
       Civil Division, Federal Programs Branch
5      20 Massachusetts Ave., N.W., Room 6114
       Washington, D.C.  20001
6      Telephone:  (202) 305-0693
       Facsimile:  (202) 616-8460
7      E-mail: Daniel.Bensing@USDOJ.gov
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' ANSWER TO CHAMBER PLAINTIFFS' FIRST AMENDED COMPLAINT 11

<u>Certificate of Service</u>

I hereby certify that on November 13, 2007, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted below:

Scott A. Kronland
Altshuler Berzon LLP
skronland@altshulerberzon.com

Ana L. Avendano
AFL-CIO
aavendan@aflcio.org

James B. Coppess
AFL-CIO
jcoppell@aflcio.org

Linda Claxton
Ogletree, Deakins, Nash, Smoak &
 Stewart P.C.
linda.claxton@ogletreedeakins.com

Alan Lawrence Schlosser
ACLU Foundation of Northern California
aschlosser@aclunc.org

Julia Harumi Mass, Esq.
American Civil Liberties Union of
Northern California
jmass@aclunc.org

Lucas Guttentag
ACLU Immigrants' Rights Project
lguttentag@aclu.org

Monica Teresa Guizar
National Immigration Law Center
guizar@nilc.org

Robert Charrow
Greenberg Traurig, LLP
charrowr@gtlaw.com

David Albert Rosenfeld
Manjari Chawla
Weinberg Roger & Rosenfeld
courtnotices@unioncounsel.net

Jennifer C. Chang
ACLU Immigrants' Rights Project
jchang@aclu.org

Linton Joaquin
National Immigration Law Center
joaquin@nilc.org

Marielena Hincapie
National Immigration Law Center
hincapie@nilc.org

Monica Maria Ramirez
ACLU Immigrants Right Project
mramirez@aclu.org

Leon Dayan
Bredhoff & Kaiser
LDayan@Bredhoff.com

Omar C. Jadwat
ACLU Immigrants Rights Project
ojadwat@aclu.org


/s/
_____
Daniel Bensing

DEFENDANTS' ANSWER TO CHAMBER PLAINTIFFS' FIRST AMENDED COMPLAINT  12