

**U. S. Department of Justice**

Civil Division

Deputy Assistant Attorney General

*Washington, D.C. 20530*

December 4, 2007

The Honorable Charles R. Breyer
United States District Court
  for the Northern District of California
U.S. Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102-3434

    Re:    *AFL-CIO, et al. v. Chertoff, et al.*, No. 3:07-cv-04472-CRB

Dear Judge Breyer:

    On November 23, 2007, the government moved to stay the above-captioned litigation. The purpose of seeking a stay was to allow the Department of Homeland Security to proceed with a supplemental rulemaking to address the three issues identified in this Court's order preliminarily enjoining the no-match rule.

    We are committed to implementing the no-match rule as soon as possible and believe that promulgating a revised rule -- which we anticipate will be ready by March 2008 at the latest -- offers a fast route to that goal. The 2007 tax year is drawing to a close, and a new round of no-match letters will be ready to mail to employers in the next few months. We want to ensure that employers understand the potential legal consequences arising from receipt of a no-match letter and have accurate guidance as to the proper response. Accordingly, once the revised rule is ready, we intend to ask the Court to vacate its preliminary injunction.

    The plaintiffs have made assertions in the media that by revising the no-match rule, the government has conceded that it is legally flawed. That is not so. The government respectfully disagrees with this Court's issuance of a preliminary injunction, and our decision to revise the rule reflects nothing more than our firm commitment to eliminating any obstacles and ensuring that the no-match rule may become operative as quickly as possible.

    To that end, we have also decided to file a notice of appeal with the United States Court of Appeals for the Ninth Circuit. We intend to ask the Ninth Circuit to review this Court's order granting a preliminary injunction. We recognize that there is a strong likelihood that the revised rule will be ready long before briefing or argument in the appeal is completed, and it is not our intent to ask the Ninth Circuit to rule on the validity of an outdated version of the no-match rule.

The Honorable Charles R. Breyer
December 4, 2007
Page 2

Consequently, because our goal is to move rapidly in removing any remaining legal barriers to the implementation of the no-match rule, we will be prepared to withdraw our appeal if necessary to allow this Court to lift the preliminary injunction and permit the no-match rule to go into effect immediately.

Very truly yours,

Thomas H. Dupree, Jr.
Counsel for Defendants

cc:   Stephen Berzon, Esq.
      Robert Charrow, Esq.